## PHILLIPS *v.* GORHAM.

In an action to recover the possession of land, the plaintiffs may attack a deed under which the defendant claims title, both upon legal grounds and upon such as before the Code were of purely equitable cognizance.

The constitution does not restrict the power of the legislature to provide for both legal and equitable relief in the same suit, and the Code authorizes the joinder of legal and equitable causes of action.

APPEAL from the Supreme Court. The action was for the recovery of certain land in Chenango county. The complaint, after stating the plaintiff's title as heir of one William Phillips deceased, averred that the defendant was in possession, claiming ownership, by virtue of a pretended deed of conveyance from the said William Phillips in his lifetime, and charged that such pretended deed was ineffectual and inoperative in law as a conveyance; that it was fraudulently obtained by the defendant, and without any sufficient consideration to support it. The answer denied that the defendant held under a deed fraudulently obtained, or without sufficient consideration; and averred title under a good and valid deed from William Phillips in his lifetime. In the reply, the plaintiff averred that William Phillips, at the time of making his deed to the defendant, was of unsound

Phillips *v.* Gorham.

mind, imbecile, and wholly incompetent to bind himself by a civil contract, by reason of long continued habits of intemperate drinking; that the deed was obtained fraudulently, by operating on the impaired intellect of Phillips by threats, false promises and other improper influences; that he was at the time of executing it so intoxicated and affected by the prior use of liquor as to be without sense or reason.

The case was tried at the Chenango circuit, before Mr. Justice MASON and a jury. At the close of the evidence, which was directed mainly to the habits and mental capacity of William Phillips deceased, the defendant's counsel requested the judge to charge the jury that, under the pleadings in this case, the plaintiff was not entitled to avoid the deed for fraud or undue influence, but should have procured a judgment declaring it void, in an action for that purpose, before bringing the action to recover possession of the land, and that the plaintiff was not entitled to a verdict, although the jury should decide in his favor on the questions of imbecility and fraud. The judge refused so to charge, and the defendant took an exception. There were several other exceptions, not material to be noticed here. The plaintiff had a verdict and judgment, which having, on appeal, been affirmed by the Supreme Court, at general term in the sixth district, the defendant appealed to this court.

*B. F. Rexford,* for the appellant.

*Albert N. Sheldon,* for the respondent.

JOHNSON, C. J. In this case the question arises whether, in an action to recover specific real property, the plaintiff may attack a deed under which the defendant claims title as well upon grounds which, under the former divided jurisdictions of law and equity, were cognizable at law as upon grounds which were properly cognizable in the Court of

Chancery. It is contended that the legislature does not, under the constitution of 1846, possess the power to authorize such a case to be determined in a single suit. The provisions relied upon are sections three and ten of article six, the first of which is: " There shall be a Supreme Court, having general jurisdiction in law and equity;" and the other is: " The testimony in equity cases shall be taken in like manner as in cases at law." The argument based upon these provisions is, that distinct jurisdictions at law and in equity are recognized, and that this recognition imposes, upon the power of the legislature, the restriction to preserve distinct methods of enforcing legal and equitable rights. The language of the provisions does not, as it seems to me, either directly or by any implication, lead to the result contended for. The supreme original civil jurisdiction at law was, under the preceding constitution, in the Supreme Court; the equitable jurisdiction was in the Court of Chancery. The new constitution conferred the whole jurisdiction upon a single court. The subject to be acted about was, the vesting of judicial authority, not the regulating of judicial procedure. This judicial authority had existed in two distinct branches, and both are named with the purpose of conferring both upon the new Supreme Court. The fifth section of the same article likewise shows that the legislature were to possess this power. It declares that the legislature shall have the same powers to alter and regulate the jurisdiction and proceedings in law and equity as they have heretofore possessed. The former constitution contained two clauses limiting the legislative power on this subject; one was, that no new courts should be created not proceeding according to the course of the common law, except the equity courts authorized in the constitution; the other was, that trial by jury, in all cases in which it had been theretofore used, should remain inviolate. The latter of these provisions is contained in the present constitution, and does take away the power of the legislature to prescribe any other

than a jury trial in cases in which that mode of trial was used at the period to which the constitution refers. But there was nothing in either constitution which prevented the legislature from imposing the necessity of jury trial in all cases. Nor is there any doubt that under the former constitution the procedure in equity could have been brought to a conformity with the proceedings in the law courts. The legislature might at any time have changed the subpœna to answer into a writ upon the case, the bill into a declaration, the answer into a plea in bar, and have compelled a trial by jury in all cases. The question is not whether such a change would have been wise, having regard to the great degree of ease and certainty in procedure which had been attained by the experience of many years, and to the difficulty of substituting a new and untried practice, but is only one of power, and upon that question no doubt could have existed.

The provision as to the taking of testimony is, in substance, only that a single method of taking testimony should exist. Examiners in Chancery, and the old method of taking testimony before them, were to be abolished, and one mode was thereafter to exist in both classes of cases. This being plainly the purpose of the provision, and the subject which the constitution had in view in the section in question, it would comport with no just rules of construction to found upon the terms selected to express that purpose — they being those which the former practice had rendered perfectly familiar and therefore appropriate — an implication so important as that equity cases and law cases were always to be preserved distinct from each other and were not to be administered in a single suit.

If the constitution has not deprived the legislature of the power, and clearly, as I think, it has not, the next question is whether the code of procedure authorises a suit for both legal and equitable relief. The recital which precedes the detailed provisions of the code declares it to be expedient

" that the distinction between legal and equitable remedies should no longer continue, and that a uniform course of proceeding, in all cases, should be established." Following up this recital, section sixty-two enacts that " the distinction between actions at law and suits in equity, and the forms of all such actions and suits heretofore existing, are abolished ; and there shall be in this state hereafter but one form of action, for the inforcement or protection of private rights and the redress of private wrongs, which shall be denominated a civil action. If no further provision were contained in the Code bearing upon the question it would be difficult to arrive at the conclusion that one who attempted to recover a piece of land of another, on an equitable and also on a legal ground, must bring a separate action to set up each ground of recovery. But the further provisions bearing upon the subject leave no room to contend that such is the law. So far as substance is concerned, a complaint needs only to contain facts constituting a cause of action, recognising no distinction of causes of action into legal or equitable. (§ 142.) Among the causes of demurrer, the fifth only can have reference to a defect of the nature of that alleged to exist in this case " that several causes of action have been improperly united," (§ 144) though that refers as I think to causes of action for separate things and not to claims to a single thing on legal and also on equitable grounds. But even if separate things were claimed in the same suit, one on legal and another on equitable grounds it would create no objection to the joinder; for section one hundred and sixty-seven expressly provides that the plaintiff may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable or both where they arise out of:

1. The same transaction or transactions connected with the same subject of action, or :

5. Claims to recover real property, with or without damages and rents and profits.

Phillips *v.* Gorham.

Either of these subdivisions is broad enough for this case. The same policy is embodied in section one hundred and fifty, which provides that the defendant may set forth by answer as many defences and counter-claims as he may have; whether they be such as have heretofore been denominated legal or equitable or both. Indeed the principle has been settled in this court that an equitable defence could be interposed to a legal claim, *Dobson* v. *Pearce*, 2 *Kern.*, 156; *Crary* v *Goodman*, 2 *id.*, 266; and all the inconvenience, which is alleged as an argument against allowing legal and equitable grounds of claim to be united in a complaint, equally exists against allowing an equitable answer to a legal claim. In truth the plain answer to both objections is, that the law so wills it; and we are bound to believe, at least to hope, that the inconvenience will not prove in practice to be so great as has been anticipated. It is objected that one ground of claim is triable by jury and the other by the court; but all cases may legally be tried by a jury, so that this creates no insuperable difficulty.

If these views are correct, then the objection is reduced to one of mere variance and within the settled rules on that subject, created no bar to a recovery. The ground was clearly understood, no one was surprised or misled, the parties went to trial prepared to try, and did try, the very question on which their rights depended. If there was any defect of parties, or if the defendant was entitled to any restitution, he should have presented his claim at the trial and it would then have been, as we must presume, properly disposed of.

The judgment should be affirmed.

Selden and Pratt, Js., dissented: Comstock, J., expressed no opinion; all the other judges concurring,

Judgment affirmed.