BECKER, plaintiff in error, v. THE PEOPLE, ex rel. COOK defendants in error.

The determination of the Supreme Court in mandamus or prohibition is to be brought to this court for review by writ of error, as before the Code, and not by appeal.

MOTION to dismiss writ of error.

*Philo Gridley*, for the appellant.

*John H. Reynolds*, for the respondent.

JOHNSON, Ch. J. This is a writ of error, brought by the defendant in the Supreme Court, against whom, by the judgment of that court, a peremptory mandamus has been awarded. A motion is made to dismiss the writ, upon the ground that the proper and only mode of reviewing such a judgment is by appeal.

Under the judiciary act, this court possessed the power of reviewing, on writ of error, all judgments of the Supreme Court in cases at law, civil and criminal. By the Code, section 8, that act is declared to be divided into two parts, the first relating to courts of justice and their jurisdiction, the second to civil actions commenced in the courts of this State, after the 1st day of July, 1848, except when otherwise provided therein. By the 11th section, it is provided that this court shall have exclusive jurisdiction to review, upon appeal, every actual determination thereafter made at a general term by the Supreme Court, in the following cases, and no other ; which cases are then specified. This section is in the first part of the Code. Section 457, in the second part, provides that no writ of error shall be hereafter issued in any case whatever. Were it not for the restrained construction imposed by the terms of the 8th section, on the language of this section, its words are broad enough to take away writs of error in criminal cases. But the 8th section limits its effect to civil actions, and leaves the writ of error in criminal cases to issue under the judiciary act. A similar effect is produced as to judgments in mandamus, by the 471st section, which enacts, that until the legislature shall otherwise provide, the second part of the Code shall not affect proceedings on mandamus or prohibition. This is as effectual to restrain the meaning of section 457, in its application to writs of mandamus and prohibition, as the 8th section is in respect to writs of error in criminal cases.

The writ of error is rightfully brought and the motion to dismiss must be denied, with $10 costs.

Motion denied