THE PEOPLE, *ex rel.* BENDER, *v.* CHURCH, Comptroller, &c.

Since the enactment of *ch.* 174 *of* 1859, judgments upon mandamus are to be brought to this court for review by appeal, and not by writ of error.

MOTION by the respondent to dismiss an appeal. The relator having obtained an alternative mandamus requiring the Comptroller to draw his warrant on the Treasurer for the amount of certain alleged demands against the State mentioned in the appropriation bill of 1859, moved, on the return, for a peremptory writ, which was awarded; and the order was affirmed at general term in the third district on the 16th of September, 1859. The Comptroller thereupon brought this appeal, and the clerk made a return containing the affidavits used on the motion and the several orders in the case.

*The Attorney-General,* for the Comptroller.

*Henry Smith,* for the relator.

DENIO, J. The question whether a final decision of the Supreme Court in proceedings by mandamus, when sought to be reviewed by this court, should be brought before it by appeal

*according* to the Code, or by writ of error, according to the former practice, was decided in *Becker* v. *The People* (18 *N. Y.*, 487). We held the writ of error to be the proper method, and refused to dismiss such a writ which had been prosecuted in that case. This was so decided, upon a construction of section 471 of the Code, which declared that, until the Legislature should otherwise provide, the second part of that system should not affect, among other things, proceedings on mandamus or prohibition. It was this second part of the Code which provided that no writ of error should thereafter be prosecuted in any case, and which regulated the forms for bringing cases to this court on appeal. By withdrawing the case of mandamus from the influence of these enactments, it left it to be dealt with on a review, as well as originally, according to the former rules. Hence it was impossible to sustain an appeal as a mode of reviewing a judgment of the Supreme Court rendered upon mandamus, as the law then stood. That case was decided in March, 1859; and immediately afterwards, in April of that year, the Legislature changed the practice. (*Laws of* 1859, *ch.* 174.) Singularly enough, the 1st and 2d sections assume that an appeal was the only proper method of bringing a judgment rendered on mandamus into the Court of Appeals for review; and it thereupon directed that where writs of error had been brought, this court should, nevertheless, hear and determine the cases as though an appeal had been taken, and that it might allow the parties to such writs to amend their proceedings so as to make them conform to proceedings on appeal. As to future judgments upon mandamus, it was declared by the 3d section that the provisions of the Code of Procedure in relation to appeals to the Court of Appeals should apply. The judgment which awarded a peremptory mandamus against the Comptroller was rendered in July subsequent to the passage of that act, and he was therefore correct in bringing the case here by appeal. The motion must be denied.

Motion denied.

END OF CASES DECIDED AT DECEMBER TERM.