Allen, J.
It is insisted that this court has no jurisdiction to hear this appeal, inasmuch as it is not provided for in section 11 of the Code. That section declares that the Court of Appeals shall have exclusive jurisdiction to review upon appeal every actual determination made at a general term of the Supreme Court, or by the Superior Court of the city of New York, or the Court of Common Pleas for the city and county of New York, in the following cases, and no other:
1. In a judgment in an action commenced therein, or brought there from another Court:
2. In an order affecting a substantial right made in such action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken:
3. In a final order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment.
It is pretty clear that the present judgment is not in an action commenced in the Court of Common Pleas of the city of New York, or brought there from another court. It is equally clear that the order denying the motion to set aside the judgment and award, was not an order in such action. Is *586 it then a final order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment? The act (2 R. S., 774, 4th ed.) provides for making the award of arbitrators a judgment of courts. Section 9 enacts that the award, on being proved, may be confirmed by the Court. By sections 10 to 18, any party may complain and move to vacate on the several grounds therein specified, and the court may vacate the award or direct a rehearing; and, upon the award being confirmed, the court shall render judgment in fayor of the party obtaining the award with costs. A record shall be made up containing all the papers, including the award and proceedings, in modifying or confirming, which record shall be filed and docketed and have the same effect as other records of judgments.
The 17th section provided that a writ of error might be brought to review the proceedings of the .court in confirming or modifying the award. Section 327 of the Code declares that writs of error in civil actions, as they have heretofore existed are abolished, and the only mode of reviewing a judgment or order in a civil action shall be that prescribed by that title. The 69th section defines what a civil action is, viz.: a proceeding for the enforcement or protection of private rights and the redress of private wrongs. Section 473 declares that, until the Legislature shall otherwise provide, the second part of the Code shall not affect proceedings—among a great number of others—relating to arbitrations; leaving the statute in relation to them, and the provisions therein contained, unrepealed and in full force.
It follows that the remedy of the defendant was, under this statute, by writ of error and not by appeal.
The court decided this question in relation to cases of mandamus in the case of The People v. Becker (18 N. Y., 487). Section 471 includes both cases.
The appeal must be dismissed with costs.
All the judges concurring,
Appeal dismissed with costs.