HYMAN SCHNITZER, Appellant, v. JOSEPH COHEN, ISAAC FRANKLIN and another, Respondents.

*Demurrer — improper joinder of causes of action — Code, § 167.*

A simple contract creditor cannot maintain an action against the debtor and his fraudulent assignee, asking judgment against his debtor, and also to have the assignment declared void and the debt paid out of the proceeds of the assigned property.
*Phillips* v. *Gorham* (17 N. Y., 270) distinguished.

Appeal from an order made at Special Term sustaining a demurrer to the complaint.

*Smith Tuttle* for the appellant.

*Isaac L. Egbert* for respondent Cohen.

*Charles I. Schampain* for respondent Franklin.

BARNARD, J. :

The question presented in this case arises upon demurrer. The plaintiff, a creditor at large of the defendant Cohen, avers in his complaint an indebtedness by Cohen to him of $1,203.05 for goods sold and money paid. The complaint further avers that Cohen, before the commencement of this action, for the purpose of cheating and defrauding the plaintiff, secretly removed goods from his store and concealed them with John Doe, a person whose name is unknown, in an unknown place. The complaint further states that, just before the commencement of this action, Cohen delivered a note to defendant Franklin for $800 fraudulently, and without any consideration, the object and design being to cheat Cohen's creditors; that Franklin, upon such note, obtained judgment by default against the defendant Cohen in the Marine Court of the city of New York upon service of process, outside of the jurisdiction of the court, and that the sheriff of Kings county had sold, under an execution issued upon the judgment, all the remaining stock of goods in Cohen's store. The plaintiff asks judgment against Cohen for his debt. He further asks to set aside the judgment as fraudulent and void, and that the moneys in the sheriff's hands be paid him upon the judgment to be recovered by plaintiff in this action ; and he further asks a receiver for all Cohen's property secretly concealed or fraudulently sold. To this complaint the defendants Cohen and Franklin separately interpose a demurrer for the reasons that several causes of action have been improperly united.

The demurrer was sustained at Special Term as to each defendant. This is not what is or was known as a creditor's bill. Such an action cannot be sustained by a creditor at large. (*Dunlevy* v. *Tallmadge*, 32 N. Y., 457.)

A judgment creditor, even, cannot have an action to enforce his claim against the equitable interests of the debtor, until after the issue and return of an execution against the property of the debtor. (Same case.)

What then is this action? Is there more than one cause of action set forth in the complaint? If two or more causes of action are set forth, are they such as may be joined in one complaint? In the first place the complaint sets forth a full and complete statement of a debt against one defendant, and asks for its recovery.

As to this Cohen can deny, plead payment, counter-claim or offset. Neither of the other defendants have any answer to make, and are not affected by the result of any trial upon the issue thus to be raised. Franklin and Cohen have an answer to make to the charge of fraud in obtaining the judgment in the Marine Court. The defendant Doe is not affected by this possible issue. The first of these issues will go to a jury for trial. The second (unless issues are framed) will go to a Special Term for trial. One may result in a money verdict, the other in a decree setting aside a judgment for fraud. There are then two causes of action, one legal and one equitable. One offsets Cohen alone, and the other offsets Franklin and Cohen. Assuming that the plaintiff can maintain an action without a judgment, and without the return of an execution upon it, which he could not do if he was a judgment creditor seeking to set aside a transfer of an alleged debtor's property as fraudulently made (*Dunlevy* v. *Tallmadge, supra*), are the causes of action such as may be joined?

A simple contract creditor cannot maintain an action against the debtor and his fraudulent assignee, to have the assignment declared void and the debt paid. (*Reubens* v. *Joel,* 13 N. Y., 488.)

This case is not weakened by the case of *Phillips* v. *Gorham* (17 N. Y., 270). In *Phillips* v. *Gorham,* an heir at law sued an occupant of lands which descended to him as heir, and in his complaint he averred that the defendant held a deed for the land, fraudulently obtained by him from the plaintiff's father. No objection was taken by demurrer, but after the case had been tried on the merits, the defendant's counsel requested the court to charge the jury that plaintiff must have procured a judgment, declaring void the deed, before the action of ejectment could be commenced. This request was refused, and the refusal was held not to be error.

This complaint asks different things, and not the same thing on legal and equitable grounds. It is not sustained by subdivision 1 of section 167 of the Code.

The causes of action do not grow out of the same transaction, or transactions connected with the same subject of action.

The sale of the goods was complete in itself, and had no legal connection with a subsequent transfer of a debtor's property to defraud his creditors. Neither do the causes of action united, offset

all the parties, as we have seen. I think the order appealed from should be affirmed, with costs.

Dykman, J., concurred.

Present — Barnard, P. J., and Dykman, J. Gilbert, J., not sitting.

Order sustaining demurrer affirmed, with costs and disbursements.