LEVI NICHOLS, RESPONDENT, *v.* GEORGE DREW, APPELLANT, AND OTHERS.

*Joinder of causes of action — each must affect all the parties — Assignment of a debt for less than its face, procured by the fraud of the debtor — right of the assignor (the creditor) to set aside such assignment, credit on the debt the amount paid for such assignment and recover the balance of the debt, all in the same action.*

Causes of action on different contracts cannot be joined in the same action, unless all parties are affected by each.

*Semble,* that where a creditor has by false and fraudulent representations as to the pecuniary responsibility of his debtor, made to him by a third person, been induced to assign his claim to such third person for less than its face, and it appears that such representations were made and such assignment procured by a fraudulent contrivance between the assignee and the debtor, the money paid

upon the same being furnished by the latter, the creditor may treat the money paid for the assignment as a part payment upon the debt, and without returning it seek in the same action to set aside the fraudulent assignment and recover the balance of the debt.

APPEAL from judgment entered upon an order of the Erie Special Term, overruling a demurrer to the complaint.

The action is against the appellant Drew, and three other defendants, Young, McLane and Churchill. The complaint contains two counts. The first count alleges that the defendants Drew, Young and McLane, in 1873, jointly became indebted to the plaintiff, on contract, in the sum of $1,218.12, no part of which has been paid, except as thereinafter stated; that the defendants nominally failed, and that afterwards Drew and Churchill fraudulently contrived together to cheat and defraud the plaintiff out of said demand; that in carrying out such fraudulent purpose, Churchill proposed to pay twenty-five cents on the dollar for an assignment of said claim, and with the intent of inducing the plaintiff to make such assignment for twenty-five cents on the dollar falsely and fraudulently made certain false and material representations particularly set forth in the complaint, some of which related to the pecuniary means of Drew, knowing them to be false, and thereby induced the plaintiff to assign said claim to Churchill for twenty-five cents on the dollar of its face, paid to him by Churchill; that the money paid, in fact, belonged to Drew, or was advanced by Churchill for his benefit, and the claim so assigned was afterwards given up by Churchill to Drew, or held by him for Drew's benefit. The count concludes with an allegation that, by reason of the premises, the plaintiff has sustained damages to the amount of said claim, with interest, less the amount paid by Churchill.

The second count alleges that it repeats all the allegations contained in the first count, and further alleges, that before said claim was assigned to Churchill, the defendants, Drew and Young, represented that there was money in the hands of R. & P. D. K. Sanders, a law firm in Buffalo, to the amount of $252, and verbally assigned said money to the plaintiff to apply on his said demand, and directed and requested the plaintiff to sue said firm for the money; that, in pursuance thereof, the plaintiff brought

suit against Saunders and was defeated and compelled to pay costs in said action to the amount of $150 ; that he never recovered any part of said money, but whatever moneys were in the hands of said Saunders were paid but by them in pursuance of the direction of Drew, McLane and Young, or one of them ; and that the money so represented to be in the hands of said Saunders was not assigned to Churchill, but was reserved to the plaintiff. The relief demanded is, that the plaintiff recover from Drew, Young and McLane, the sum of $1,218.12, with interest, less the amount paid by Churchill ; that he also recover as damages, the costs and expenses incurred by him in the action against Saunders ; that the assignment to Churchill be adjudged fraudulent and void ; and that Churchill and Drew for their fraud and deceit, be adjudged to pay the plaintiff $2,000 damages ; and general relief is also prayed for.

*A. P. Laning* (*C. F. Tabor, Attorney*), for the appellant.

*Thos. Coslett* (*Coslett & Hatch, Attorneys*), for the respondent.

SMITH, J. :

The defendant Drew alone demurs. The question is, therefore, whether the complaint is good as against him, in respect to the particulars specified in the demurrer. The grounds of his demurrer are : (1.) That the complaint does not state facts sufficient to constitute a cause of action ; (2.) That the second count does not state facts sufficient to constitute a cause of action ; (3.) That several causes of action have been improperly united ; and (4). That the second cause of action does not affect the defendant Churchill. The only ground which requires comment is the claim that several causes of action have been improperly united. The most favorable view for the plaintiff that can be taken of the first count is, that upon the facts alleged therein the plaintiff is entitled to have the assignment held by Churchill set aside for fraud, and to recover of the other defendants the amount of his claim against them remaining unpaid. And as the count alleges, that the money paid for the assignment, in fact, belonged to Drew, or was paid for his benefit, it may be

that the plaintiff is entitled to treat it as a part payment of the debt and is not required to restore it as a condition of setting aside the assignment. There is authority for saying, also, that as against Drew alone, the plaintiff may, in the same count, seek to set aside the fraudulent assignment and recover the balance of the debt. (*Phillips* v. *Gorham*, 17 N. Y., 270 ; *The New York Ice Company* v. *The North Western Insurance Company of Oswego*, 23 id., 357.) It may also be assumed that the real cause of action set out in the first count is for the recovery of the amount unpaid upon the contract, and that the remainder of the count is framed with a view of setting aside an impediment in the way of obtaining that relief. If this view of the first count is correct, then as the second count obviously sets out a cause of action against Drew on contract, the two counts might well stand together in the same complaint, but for the circumstance that Drew is sought to be charged in the first count as a joint contractor with the defendants Young and McLane, and in the second count as a joint contractor with Young alone. The two contracts, not being made by the same parties, cannot be sued on in one action. On this ground the demurrer is well taken.

The judgment and order of the Special Term should be reversed, and judgment ordered for the defendant on the demurrer, with leave to the plaintiff to amend in twenty days, on payment of the costs of the appeal and of the demurrer.

TALCOTT, P. J. and HARDIN, J., concurred.

Ordered accordingly.