Freedman, J.
This is a motion on the part of the defendants in the above entitled action, and a large number of similar actions, for an order in each action directing the issues and questions arising on the pleadings as to the value of property, and as to the damages to be recovered by the plaintiff, to be distinctly and plainly stated for trial by a jury pursuant to the provisions of section 970.of the Code of Civil Procedure as amended in 1891.
The section, as thus amended, provides, among other things, that “ where one or more questions arise on the pleadings as to the value of property, or as to the damages which a party may be entitled to recover, either party may apply, upon notice, at any time to the court for an order directing all such issues or questions to be *466 distinctly and plainly stated for trial accordingly. Upon the hearing of the application the court must cause such issues or questions to. be distinctly and plainly stated. ...”
The actions are brought to .njoin the defendants from maintaining and operating an elevated railway through such parts of the streets of the city of New York as are in front of the plaintiffs’ premises, and to recover damages for injuries already inflicted upon plaintiffs’ premises.
The number of motions thus made is so large that almost every conceivable question which may arise under the amendment of the section referred to is presented for adjudication, and the array of counsel appearing in opposition to these motions is so great that the briefs submitted by them cannot be noticed in detail. I have, therefore, deemed it best to deliver a general opinion, which is intended to briefly cover all the points raised.
It is claimed that the amendment in question is unconstitutional for various reasons, but none of them appears to be tenable. The amendment is not directed against this court, but against every court of equity in the State. It does not deprive a court of equity of the jurisdiction or power to try certain actions or any action heretofore cognizable in equity. It simply directs that in certain actions of this character, part of the issues or questions arising upon the pleadings shall be submitted to a jury. It therefore affects the remedy only, and anything which affects the remedy only cannot be claimed, except by the merest indirection, to be an interference with previously acquired jurisdiction or with a vested right (Lennon v. The Mayor, etc. of N. Y., 55 N. Y. 361 ; Dolan v. The Mayor, etc. of N. Y., 62 Id. 472; Astor v. The Mayor, etc. of N. Y., 39 Super. Ct. 120; aff’d 62 N. Y. 580; Rae v. The Mayor etc. of N. Y. 39 Super. Ct. 192).
If, as was decided by the court of appeals in these cases, an act of the legislature could lawfully divest the *467 courts of this State of their previous jurisdiction and power in the class of cases covered by the statute to the extent that even in actions commenced before the passage of said act, no relief could be granted after the passage of the act, which went into effect immediately, it is difficult to see how the amendment now under consideration, especially when construed and interpreted as I shall construe and interpret it, can be held to be unconstitutional. The cases in which it was held that certain acts of the legislature, empowering the transfer of actions from the superior city courts to the marine court, or abolishing the right of appeal from judgments of the marine court to the general term of the court of common pleas, were unconstitutional, do not apply here.
An interesting and valuable case directly on the question whether the trial of certain issues by a jury is a change in the jurisdiction of the court, or simply a regulation of practice, is found in Phillips v. Gorman (17 N. Y. 270), where it was claimed that the provision of the old Code of Procedure, allowing legal and equitable relief in the same action, was violative of the provision in the constitution of 1846 (art. 6, § 3) that “ There shall be a supreme court having general jurisdiction in law and equity,” the argument being that the recognition by the constitution of distinct jurisdictions at law and in equity imposed on the legislature the obligation to preserve distinct methods of enforcing legal and equitable rights. In overruling this contention, JOHNSON, J., says (p. 272): “The supreme original civil jurisdiction at law was, under the preceding constitution, in the supreme court; the equitable jurisdiction was in the court of chancery. The new constitution conferred the whole jurisdiction upon a single court. The subject to be acted upon was the vesting of judicial authority, not the regulating of judicial procedure.”
The learned judge then cites art. 6, secion 5, of the constitution of 1846, as it then stood, which provides as *468 follows, viz: “ The legislature shall have the same powers to alter and regulate the jurisdiction and proceedings in law and equity as they have heretofore possessed.”
The present constitution art. 6, section 8, as amended January I, 1870, provides : “The testimony in equity cases shall be taken in like manner as in cases at law, and, except as herein otherwise provided, the legislature shall have the same power to alter and regulate the jurisdiction and proceedings in law and equity cases that they have heretofore exercised.”
The saving clause, “ except as herein otherwise provided,” contained in the constitution last referred to, protects only the jurisdiction and power of certain courts as courts, and not the proceedings therein, and it having already been shown that no court has been deprived of the jurisdiction or power to finally determine the actions in question, and to grant in each the equitable relief demanded by the circumstances, the amendment must be held to have been a constitutional exercise of the legislative power to regulate the proceedings in law and equity.
As to the construction to be placed upon, and the interpretation to be given to the amendment, I cannot avoid the conclusion that the statute applies to actions pending at the time it took effect as well as to actions brought subsequently to that date. It became a law April 20, 1891, and by its terms took effect September 1,1891. Of course no proceeding had or right accrued prior to September 1, 1891, is invalidated or impaired thereby. But this remark applies only to proceedings which actually took place, and to rights which became vested prior to the date named. A litigant in an equity suit has no vested right to a trial in the future in a particular manner. The trial, with all its incidents, is mere matter of procedure which is subject to legislative regulation. It was, therefore, competent for the legisla *469 ture to enact, and I think the true intent and meaning of the amendment is, that the issues and questions specified therein shall, after September i, 1891, be tried in the manner therein directed. There is nothing in sections 3347 and 3352 of the Code, or any of the cases cited, most of which relate to vested rights which calls for a difieren conclusion.
It now becomes important to determine what issues and questions in the cases at bar should be ordered for submission to a jury. In all the actions the plaintiffs’ alleged damage to the use or rental value of the premises, in most cases specifying amount thereof, and asked a money judgment therefor, and the defendants took issue thereon by denying the damage. Every case, therefore, presents a direct issue as to past damages, and such issue comes clearly within the language of the amendment and must be tried by a jury, unless the claim for such damage is waived as hereinafter provided.
As to the damages to the fee, the complaints differ. While they all aver substantial damage to the fee, some do and others do not state the amount. So, while they all ask for injunctive relief, some ask for an absolute injunction, and others ask in the alternative that the defendants either be enjoined or that, if they be permitted to continue the maintenance and operation of the elevated railway, it be on the condition that they pay the plaintiff the value of the property taken by them. Other differences might be pointed out, but it is not necessary to do so, for all the differences which do exist in this respect are immaterial for the following reasons:
The motion which may be made under section 970, as amended, is a motion which can be made by either party. From this the implication arises that any question which may be ordered to be submitted to a jury, must be a question which both parties have a right to have determined. But in the Galway case, recently decided by the court of appeals (40 N. Y. State Rep. 145), it was held *470 that the provision for the payment of the fee damage, as the equivalent of the property taken, in avoidance of the injunction in this class of cases, is purely a matter of favor to the defendants ; that such payment is at the option of the defendant, and not at the option of the plaintiff, and that neither party has a right to compel the court to make the provision. It was also held that it is now the settled law of this State that no action at law can be maintained by an owner to recover prospective damages for injuries inflicted upon real property; that even in equity an action cannot be sustained for that purpose alone ; that the action in the case before the court was neither in practice or theory an action of such a character, but an action for equitable relief to restrain continuing acts of trespass, and that the privilege to continue the trespasses, if granted, was to be granted as an act of grace and favor to the offending party and not as a matter of right to the injured owner. There is nothing in the cases of Roberts, Gray and Doyle which can be twisted into a modification of the doctrine of the Galway case, for they were decided on points as to the admissibility of testimony on the question of damages, and the decisions simply point out the method to be pursued by the equity court in ascertaining the fixed sum which the defendants may be required to pay if the court in its discretion shall see fit to grant then this favor.
It is evident, therefore, that the amendment under consideration, inasmuch as it did not change the rule laid down, in the Galway case, was not intended to apply to questions in regard to the value of property which may incidentally arise in these injunction suits, and which the court may desire to determine in order that it may grant an optional favor to the defendants. It applies only to questions which directly and necessarily arise between the parties, and which both parties have a right to have determined.
Notwithstanding the decision of the Galway case the *471 defendants still insist that it is part of the inherent powers of a court of equity to grant a judgment for the absolute payment of damages in a suit commenced for equitable relief where it appears upon the hearing that the plaintiff should have a judgment for damages either in lieu of specific relief, or as an alternative for it, or in addition to it. Their brief upon this point is quite elaborate, and upon the claim thus made the further contention is made that, after all, the question of fee damage is so directly and necessarily involved as to constitute one of the questions referred to in section 970, as amended. The cases referred to are cases of specific performance and analogous cases, and they do not apply here. The power contended for has never been asserted or exercised in any of the many elevated railway cases which have been determined, and the existence of the power has been expressly denied in the Galway case, which was an elevated railway case of the usual type. The decision in the case last referred to must, therefore, govern here.
Moreover, making provision for the payment of the fee damage, as the equivalent of the value of the property taken, in avoidance of the injunction, at the option of the defendants, is not the only provision which a court of equity may make as an act of grace and favor to the defendants. Nor is it necessary that any determination of the extent of the fee damage should be made in the action. All the court is bound to do is to ascertain and determine that the fee damage is sufficiently substantial to entitle the plaintiff to equitable relief. The court may then grant an absolute injunction against the maintenance and operation of the elevated railway and as an act of grace and favor to the defendants, stay the operation thereof for a reasonable time to enable the defendants to acquire title to the property taken by condemnation proceedings.
For the foregoing considerations the conclusion is *472 unavoidable that, even if the questions mentioned in section 970, as amended, are treated as questions which differ from the regular issues, which perhaps they do not, the question of fee damage involved in the cases before me is not one which falls within the section, and that the defendants cannot, as matter of right, demand that it should be submitted to a jury.
Inasmuch, however, as the issue as to past damages must be sent to a jury, it is eminently proper that the question of fee damage, or, in other words, the question as to the value of the property taken by the defendants, should be passed upon at the same time and in the same manner, especially as a large part of the evidence which will be given on the issue of past damages may be made to apply to the question of fee damage. This will be an economy of time and labor, and will result in a harmonious disposition of the main questions in the case. As matter of discretion, therefore, the question as to fee damage or the value of the property taken by the defendants will also be sent to a jury in every.case in which the plaintiff insists upon the recovery of past damages.
In every case in which the plaintiff elects to waive his claim for past damages, the waiver must be filed in the form of a stipulation, and it must be an unconditional and unqualified waiver. There are good reasons why this should be insisted upon. The claim for past damages now constitutes an issue in the case, and as such it must be submitted to a jury. If withdrawn in a conditional or qualified manner, so that a new action may be brought upon it, it could only be asserted in an action triable by jury. That action, if brought, might, on motion, be ordered to be consolidated with the equitable action, and then the litigation would stand again where it stands now. The waiver must, therefore, be general, unconditional and unqualified, I shall not insist that it must be accompanied by a release, but it must be *473 sufficient to estop the plaintiff, if he takes the benefit of the order denying defendants’ motion in toto, from bringing another action.
It still remains to be considered whether the motions made by the defendants have been made in proper time and at an appropriate stage in the proceedings. Upon this question the plaintiffs advanced various conflicting arguments in opposition to the motions.
It was urged that the motions should be denied because the defendants have been guilty of laches in making them. I cannot find that such was the fact.
It was also urged that the motions should be denied because they were not made within ten days after issue joined under the provisions of general rule 31. That rule, by its express terms, applies only to cases where the trial of issues of fact is not provided for by the Code and either party desires a trial by jury. The motions now before the court are for jury trials, which are provided for by the Code. But even if there were a conflict between the statute and the rule, the provision of the statute is that the motion may be made “ at any time.” These words were added by the amendment of 1891, and as the legislature has thus prescribed the time when the motion may be made, the statutory enactment would supersede the rule.
Another claim advanced was that the motions should be denied upon the authority of Mackellar v. Rogers (52 Super. Ct. 468, affirmed 109 N. Y. 468). But that case has no application here. It was an action brought in equity to foreclose a mortgage, and the trial took place at a time when the words “ at any time ” were not contained in section 970. The allegations of the complaint were not put in issue by the defendant, who contented himself by interposing a counterclaim in the nature of a common law cause of action, upon which issue was joined by a reply. The defendant took no steps to have an issue framed for trial by jury, and both the defendant *474 and the plaintiff noticed the case for trial at an equity-term. It was under these circumstances, and under the law as it then stood, that it was held that the defendant had waived his right of trial by jury.
It was also insisted that the defendants waived whatever right to a jury trial they had, by noticing the cases for trial at the equity term. I do not see how they could have noticed them for trial at any other than an equity term. There is no independent common law cause of action involved, but the entire cause of action is equitable in its character, and only some of the questions of fact are to be tried by a jury. The cause itself is to be tried by the court. It, therefore, only remains to be seen whether, by giving any notice of trial, the defendants waived the benefit of the provision of section 970. For this purpose the cases maybe divided into three classes, viz : 1. Cases in which issue was joined prior to September 1, 1891, and in which notices of trial of all the issues were served by both sides for an equity term held prior to September 1, 1891. 2. Cases in which issue was joined prior to September 1, 1891, and in which notices of trial of all the issues were served by both sides prior to September 1, 1891, but for an equity term held subsequent to September 1, 1891. 3. Cases in which issue was joined prior to September 1, 1891, and in which notices of trial of all the issues were served by both sides subsequent to September 1, 1891, and for an equity term held subsequent to September 1, 1891.
Having already demonstrated that the intent of the legislature was that, after September 1, 1891, the issues and questions specified in section 970 should be tried in the manner therein directed ; that a litigant in an equity suit has no such vested right to a future trial; that the legislature cannot change the mode of procedure; that the legislature conferred upon the defendants the right to move for a jury trial at any time, and that rule 31 does not apply; it cannot be held that the defendants, by giv *475 ing notice of trial, waived their right to move in any of the cases, and the differences between the cases are wholly immaterial. The act, by its terms, did not go into effect until September i, 1891. Before that date the defendants could not move. They moved with reasonable dispatch thereafter, when all the circumstances are considered. In every case the motion was made in advance of the trial. Having acquired the right to move at any time, they must be held to have that right up to the time of the ■commencement of the trial. True, section 1009 of the Code provides that a party majr waive his right to a jury trial by moving the trial of the action without a jury, or, if the adverse party so moves it, by failing to claim a trial by a jury before the production of any evidence upon the trial. But this evidently refers to that class of cases in which the whole actionis triable by jury and in which the notice of trial should be given for the jury term. The cases at bar do not fall within that class. As a necessary consequence, all the cases decided under section 1009 have no application here.
The further claim was made by many of the plaintiffs that, even if section 970, as amended, does apply, and the defendants do have a right of trial by jury of some issue or question in the present actions, the motions now made are premature, and should be denied for that reason. The argument is that the plaintiff in an action may not succeed in establishing his title to the property, or for some other reason may be beaten in the suit, and that in such a case the question of amount may not be reached. There is not sufficient force in the argument to call for the result contended for. True, the statute may be satisfied if the court does make the order for a jury trial whenever it becomes apparent that the trial of an issue or question as to which the right of trial by jury is given, is necessary and material.
The defendants are at liberty to postpone the making of the motion until the commencement of the trial, and, if *476 the motion is then made, the court may proceed with the trial of the other issues and questions, and if it then appears that the trial of the issue or question as to which the right of trial by jury exists, is necessary and material, it may make an interlocutory judgment determining the controversy between the parties in all other respects, and directing that the issue or question as to which a jury trial has become necessary and material, and which is then and there stated for such trial, be submitted to a jury, and that upon the coming in of the verdict of the jury the cause be brought on for final hearing. All this may undoubtedly be done, but, nevertheless, the Code gives the right to make the motion at any time which, from the necessities of the case, must be held to mean at any time after issue joined. The plaintiffs are not entitled, therefore, to have the motions denied as premature. For the reasons hereinafter stated, however, some of the motions may be denied in the exercise of the discretion of the court if it should appear that the issue or question to be tried by jury cannot conveniently be formulated with precision at the present time. In every such case the denial of the motion should be with leave to renew the motion at the commencement of the trial of the action.
None of the objections raised by the plaintiffs being tenable, it now remains to be seen how the issues or questions to be submitted to a jury should be formulated. It may be a question whether the defendants, in their motion papers, should' have formally proposed the issues and questions which they desire to have submitted, but I shall not stop to consider it. The defendants evidently intended to have their rights determined first in a general way and then to follow the direction of the court. The principal questions involved in the motions are certainly of so novel a character and involve so much substance and are of so recent an origin, that technicalities should be avoided in their determination.
In every case in which the plaintiff does not waive his *477 claim to past damages as hereinbefore stated, there should be formulated: (i) An issue as to such past damages; and (2) A question as to the value of the property taken by the defendants.
In the formulation of the issue as to past damages it must be borne in mind that, in view of the plea of the statute of limitations, the recovery can in no case exceed the period of six years preceding the commencement of the action, although the plaintiff may have been the owner of the premises for a longer time. In every case in which the plaintiff has been such owner for a period less than six years before the commencement of the action, the precise period of ownership must be ascertained. In addition to the damages recoverable for the respective periods stated, damages may be recovered from the commencement of the action to the time of the trial.
The issue should therefore be formulated as follows, viz: What amount of damages, if any, did the plaintiff in this action sustain in the use or rental value of the premises described in the complaint from the day of in the year to the day of the trial of this issue by reason of the construction, maintenance and operation of the elevated railway in front of said premises ?
The question as to the value of the property taken by the defendants should be formulated as follows, viz: What is the value of the property taken by the elevated railway company or companies from the plaintiff by reason of the construction, maintenance and operation of the elevated railway in front of plaintiff’s premises, described in the complaint ?
No other issue or question should be submitted to the jury, and except where special circumstances make a departure necessary, the foregoing formulas should be adopted. In stating the issue as to past damages it is absolutely necessary to state the exact date from which the right of recovery exists. In every case in which such *478 date cannot be conveniently fixed the motion should be denied, with leave to renew at the commencement of the trial of the action, and in every such case, if the motion is then and there renewed, the trial court will be at liberty to make appropriate provision by interlocutory judgment.
The motions will therefore be granted or denied, with leave to renew, according to the circumstances of each case. But in every case in which the plaintiff by stipulation waives his claim to past damages, as hereinbefore required, the motion will be denied absolutely.
Having now indicated generally the course to be pursued, the decision in each particular case will be made on the settlement of the order to be entered. Notice of settlement will be required in all cases. As the questions decided are of a novel character no costs will be given.