1. TRANSFER TAX—JURISDICTION OF SURROGATE—LAW APPLICABLE.
   The jurisdiction of the surrogate's court to determine questions relating to the taxation of decedents' estates, being a matter of procedure, is governed by the statute in force at the time the proceeding was instituted, and not. by the statute in force at the time of decedent's death.
2. SAME—DISTRIBUTION BY FOREIGN EXECUTORS.
   Taxation of property in New York belonging to a nonresident decedent's estate cannot be defeated by distribution thereof, made by the foreign executors before institution of a proceeding to enforce the tax.

Appraisal of the property of Philip Embury, deceased, for taxation. The proceeding was instituted by the comptroller of New York City, and the executors appear specially for the purpose of moving to vacate the proceeding for want of jurisdiction. Denied.

Emmet R. Olcott, for comptroller of the city of New York.
Lord, Day & Lord, for executors.

FITZGERALD, S. The above-named decedent died on December 11, 1887. He then resided in the state of New Jersey, but left a large amount of personal property, consisting of stocks in domestic corporations and cash deposits in banks in this city. The will was not proved in this state, nor were letters issued herein, nor was any effort made to have the transfer tax upon the succession fixed, nor was any part thereof paid. On the 9th day of October, 1896, a petition was filed by the comptroller of this county, setting forth the foregoing facts, and praying that an appraiser might be appointed. The testimony of the officers of the companies in which the deposits of the decedent were made, or in which he owned stock, was taken before the appraiser. Thereafter the respondents procured an order to show cause why the "proceeding should not be dismissed, on the ground that this court has not jurisdiction thereof or to proceed therein." The appearance filed by the respondents, the executors, is limited to the purpose of objecting to the jurisdiction of this court herein, and they do not appear generally or submit themselves to the jurisdiction of the court in this proceeding.

It is claimed on behalf of the moving parties that the court is without jurisdiction, for the reason that the decedent, at the time of his death, did not own any real property in the state of New York. This claim is based on section 15 of the act of 1887, which provides as follows:

"Sec. 15. The surrogate's court in the county in which the real property is situate of a decedent who was not a resident of the state, or in the county of which the decedent was a resident at the time of his death, shall have jurisdiction to hear and determine all questions in relation to the tax arising under the provisions of this act, and the surrogate first acquiring jurisdiction hereunder shall retain the same to the exclusion of every other." Laws 1887, p. 925.

This provision, with reference to the jurisdiction of the surrogate, was amended, however, by section 10, c. 399, Laws 1892, by providing as follows:

"The surrogate's court of every county of the state having jurisdiction to grant letters testamentary or of administration upon the estate of a decedent whose property is chargeable with any tax under this act, or to appoint a trustee of such estate or any part thereof, or to give ancillary letters thereon, shall have jurisdiction to hear and determine all questions arising under the provisions of this act, and to do any act in relation thereto authorized by law to be done by a surrogate in other matters or proceedings coming within his jurisdiction."

In Re Davis' Estate, 149 N. Y. 539, 44 N. E. 185, the court squarely held that:

"The procedure is controlled by the statute as it existed at the time this proceeding was instituted. It is a general rule that, in the absence of words of exclusion, a statute which relates to the form of procedure or the mode of attaining or defending rights is applicable to proceedings pending or subsequently commenced. Hence the rights of the parties depend upon the statute of 1885, while the method of procedure is governed by that of 1892."

While this decision hardly needs re-enforcement, attention is called to the following authorities in support of the position taken:

"Statutes determining the question of jurisdiction of parties and property affect only the remedy and form of proceeding." Potter's Dwar. St. 480; Litchfield v. McComber, 42 Barb. 288, 289; Morse v. Goold, 11 N. Y. 281; Hauptman v. Catlin, 20 N. Y. 247; In re Trustees New York Protestant Episcopal Public School, 31 N. Y. 574–584; Eggers v. Railway Co. (Super. N. Y.) 18 N. Y. Supp. 181.

In Morse v. Goold, 11 N. Y. 281, the court of appeals had occasion to consider the effect which a change of remedies had upon the contract; and it determined that an act which merely modifies the remedy for enforcing the contract neither disturbs it nor substantially impairs its efficiency; that it does not conflict with the provisions of the constitution of the United States forbidding any state to pass a law impairing the obligation of contracts. After reviewing the adjudicated cases, the court says:

"These authorities are exemplifications of the principle that legal remedies are, in the fullest sense, under the rightful control of the legislature of the several states, notwithstanding the provision in the federal constitution securing the inviolability of contracts; and that it is not a valid objection to legislation on that subject that the substituted remedy is less beneficial to the creditors than the one which obtained at the time the debt was contracted." Litchfield v. McComber, 42 Barb. 298.

In Eggers v. Railway Co., supra, questions arise as to the validity of the amendment to Code Civ. Proc., § 970, which made it obligatory that the issues arising on pleadings as to the value of property or damages be tried by a jury on application of either party; and the court held that the litigant in equity suits had no vested right to have the trial proceed in a particular manner, and that it was competent for the legislature to enact as to pending actions of such nature that these issues must be tried by a jury in the manner as amended.

The executors claim that the case does not come within the rule that a subsequent statute may change the rule of practice. They criticise the cases cited in Re Davis' Estate, but no authority is given for the position they assume.

The second point made by the respondents is that the present tax law does not give the court jurisdiction of the proceedings, and they rely upon the reference in the transfer tax act of 1892 and the revision of the tax law (chapter 908, Laws 1896), in which the terms "this act" and "this article" are employed. The court of appeals have held in Re Prime, 136 N. Y. 347, 32 N. E. 1091, that the successive acts are a continuation one of the other. Laws 1892, c. 677.

The executors likewise make the claim that, if the testator had died subsequent to the passage of the transfer tax act, this court would have no jurisdiction of the proceeding, because, the estate having been entirely distributed by the foreign executors, there was no property within this state when the proceeding was instituted to give the court jurisdiction to grant letters. In support of this claim, the executors cite Townsend v. Pell, 3 Dem. Sur. 367. In that case ancillary letters had been issued to one named in the will, which had theretofore been probated in Rhode Island. No citation was issued, and no notice was given, to one of the executors who had qualified in the domiciliary jurisdiction. Application was made by the latter to set aside the ancillary letters granted, alleging that soon after qualifying as executrix, and before the petition had been filed for ancillary letters in New York county, she had reduced to her possession the assets in this county, and had taken actual manual custody of the same. The court held that inasmuch as, at the time of the entry of the decree granting letters, there were no unadministered assets within the jurisdiction of this court, it was without authority in the premises, citing Evans v. Schoonmaker, 2 Dem. Sur. 249, affirmed, on appeal, 31 Hun, 638. The case cited from 2 Dem. Sur., it will appear upon examination, went upon the theory that, there being no assets unadministered, there was no necessity for the issuing of letters or requiring a bond; and, as it did not appear from the papers before the court upon the application that the decedent left any assets in the state, the application of the creditor in relation to the penalty of the bond and of the petitioner for the grant of letters were both denied.

The rule by which the court should be guided in the construction of the statute is stated in Re Stewart, 131 N. Y. 274–282, 30 N. E. 184, 186, as follows:

"Where the question is whether a certain subject of taxation is embraced within the act and brought within the power of taxation, it was held in Re Will of Enston, 113 N. Y. 174, 21 N. E. 87, that the statute should be strictly construed in favor of the citizen, since it assumes to impose a special burden upon particular property and person, and is not in any proper sense a general tax. The question there was whether a certain subject was taxable under the provisions of the first section. Where a particular subject is within the scope of that section, and exemption from taxation is claimed on the ground that the legislature has not provided proper machinery for accomplishing the legislative purpose in the particular instance, a liberal, rather than a strict, construction should be applied, and if, by fair and reasonable construction of its provisions, the purpose of the statute can be carried out, that interpretation ought to be given to effectuate the legislative intent."

The intention of the legislature to tax personal property of nonresident decedents which has a situs here for the purpose of taxation cannot now be questioned. It is not disputed in the case at bar that the decedent left assets within this jurisdiction which were rendered liable to taxation by the act of 1887. Every implication should be resorted to, therefore, in order to find the machinery within the statute for the enforcement of the liability. If the contention of the executors is correct, the only instance in which the tax can be collected from nonresident decedents is where the personal representatives are not desirous of evading taxation, but voluntarily submit themselves to the jurisdiction of the court; for, if it be true that there must be unadministered assets within its jurisdiction in order to give any surrogate's court jurisdiction to adjudicate a tax or enforce its payment, then all that will be necessary for a foreign executor to do will be to take possession of the assets as soon as may be after the death of his decedent, and remove them from the state. Such construction of the statute would defeat the main purpose of the amendment of 1887, viz. to tax the estates of nonresidents.

Application denied.