JANE T. TRAPHAGEN and others *vs.* HENRY TRAPHAGEN.

Under the practice as sanctioned by the code, the defendant in an action to recover the possession of lands, may rely upon any equitable defense he may have. If he holds under an agreement to purchase, he may set up in his defense the same facts which, in a court of equity, would entitle him to a conveyance of the land.

Where one has entered into possession of land under a parol contract for the purchase and conveyance thereof, and has remained in possession ever since, and has fully performed the agreement on his part, by paying the stipulated price, he will be regarded as the owner of the land; and on a bill filed for that purpose would be entitled to a decree for a specific performance and for the execution and delivery of a deed from the vendor, if living, or his heirs or devisees if he be dead.

And for all the purposes of an action of ejectment against the vendee, the deed will be regarded as actually delivered and the title vested in him.

A devise of the land, under such circumstances to another, by the vendor, will vest in the devisee such title as the devisor then has, and no more, viz: the nominal legal title, subject to the equitable rights and interests of the vendee.

Persons claiming land as the heirs at law of one to whom the same was devised by the former owner, are not representatives of the devisor, within the meaning of section 399 of the code. Devisees take by purchase, and not by descent.

APPEAL from a judgment entered in favor of the defendant, upon the report of a referee.

*S. W. Fullerton,* for the plaintiffs.

*Thomas McKissock,* for the defendant.

*By the Court,* BROWN, J. This action is brought to recover the possession of some seven acres of land situate in what was formerly the town of Plattekill in the county of Ulster. The plaintiffs are the children and heirs at law of Peter W. Traphagen deceased, who was son of James Traphagen deceased. The action was commenced on the 18th March, 1858. Henry Traphagen, the defendant, is also son of James Traphagen. He entered into possession of the premises under the parol agreement with his father hereinaf-

ter referred to, between the 13th March and the 10th day of April, 1838, and has remained in possession ever since, claiming to be the owner in fee. James Traphagen died February 18th, 1852, having resided upon his homestead farm, of which the premises in dispute are a part, with the defendant Henry Traphagen from the time the latter entered into possession until the time of his death. If his possession and claim of title was for the full term of 20 years, which is not affirmatively proved, still the defense of the statute of limitations cannot prevail, because the possession cannot be said to have been adverse. This incident to a title by simple occupation and claim is lacking. The legal title during all the period claimed was in James Traphagen or his devisees; for when a party enters under an agreement to purchase he is at law regarded as tenant at will to the owner. The claim or defense of adverse possession may therefore be dismissed from further consideration.

Under the practice as sanctioned by the code, the defendant in an action to recover the possession of lands may rely upon any equitable defense he may have. If he holds under an agreement to purchase he may set up in his defense the same facts which in a court of equity would entitle him to a conveyance of the land. The court now take cognizance of both classes of actions, and may apply both legal and equitable remedies in the same action, and to the same subject matter. (*Crary* v. *Goodman*, 2 *Kern*. 266.)

The proof shows, and so the referee finds, that in April or March, 1838, Henry Traphagen, at the request of his father James Traphagen, from whom both parties deduce title, became the purchaser of the homestead farm, for which he was to board James Traphagen and wife during their lives and pay to James the sum of $30 yearly and every year during life. He was also to board his sister Maria for such term of time as she chose to remain with him. He was also to pay a debt due by James to one Henry Traphagen for $755, and another debt due from him to one Reuben Ostrander, for $300. He

was also to pay to his brother John Traphagen the sum of $1000, a legacy as it is called, given him by his father. He was to enter into the immediate possession of the farm as owner and purchaser. At the same time, and by a similar parol agreement, other parts of the lands of James Traphagen were assigned and set off to his sons, Benjamin and Peter Traphagen. Benjamin entered into and was in possession of the lands assigned to him, at the time of the trial, and Peter also entered into possession of the lands assigned to him, and so remained until the time of his death, which was on the 19th of June, 1852. Nothing seems to have been said about the deed and the time of its delivery. The transaction is spoken of as a sale, and we are to look at the intentions of the parties and give effect to them if we can. And this meant that when the defendant complied with the terms and executed the contract he was to have a deed of conveyance in fee for the lands, and in the mean time have the possession and take the rents and profits to his own use. The proof also shows, and so the referee finds, that all these duties and obligations on the part of Henry Traphagen have been performed. The father, mother and sister were severally provided with board, the two former during life, and the latter until she married and left her brother's house. The annuity of $30 was paid yearly to the father, and the two debts to Henry Traphagen and Reuben Ostrander were also paid and satisfied. Six hundred dollars of the legacy or gift was paid to John Traphagen, and for the remaining $400 the defendant, by an arrangement between himself and John, has paid to the latter, and still is paying interest. The result of this arrangement is that the defendant has become debtor to John for the $400, who has consented to accept and look to him for the payment thereof. This is in effect a payment of the $1000, according to the terms of the contract. Thus we find not a part but a full performance of a parol contract for the sale of lands, together with a delivery and enjoyment of the possession from the time it was made, and the vendee must be regarded

as the owner of the land, and on a bill filed for that purpose would be entitled to a decree for a specific performance and for the execution and delivery of a deed from the vendor if living, and his heirs or devisees if dead. For all the purposes of this action the deed must be regarded as actually delivered and the title vested in the defendant. (*Lowry* v. *Tew,* 3 *Barb. Ch.* 407.) The proof also shows that James Traphagen, by his will dated January 21st, 1847, devised the lands in dispute to Peter W. Traphagen, the father of the plaintiffs, in fee. This doubtless vested in the devisee such title as James Traphagen at that time had, and no more. This was the nominal legal title subject to the equitable rights and interests of the defendant Henry Traphagen.

Benjamin Traphagen, a witness called by the defendant, was asked upon his cross-examination by the counsel for the plaintiffs, " When in 1838 the farms were marked off and the legacies mentioned, what was the understanding between your father and your brothers, Peter, Henry and yourself, when your father was to give his sons the titles to the farms ?" This question was objected to, and the objection sustained, and the plaintiff excepted. The ground of the objection was not stated, but it is obvious enough. It sought to elicit what the witness understood, and not what the interlocutors said, and therefore I think it was properly overruled. Had it been answered, however, the defendant's title would have remained the same, as the father, James Traphagen, died without having executed any of the deeds.

The testimony of the defendant Henry Traphagen was received by the referee, against the plaintiff's objection, as being incompetent to give evidence of a transaction between James Traphagen and himself. This assumes that the plaintiffs are representatives of the former, within the meaning of section 399 of the code, which I think they are not. They claim the lands as heirs at law of Peter W. Traphagen, to whom they allege they were devised by James Traphagen.

Devisees take by purchase and not by descent. In no sense can the plaintiffs be deemed the representatives of James Traphagen.

[KINGS GENERAL TERM, December 14, 1863. *Brown, Scrugham* and *Lott,* Justices.]