NATHAN WEBSTER, APPELLANT, *v.* EDWIN BOND AND MARTHA BOND, RESPONDENTS.

*Legal action — equitable defense — does not entitle defendant to have others joined as parties in the action — Code, § 122.*

A person bringing a legal action cannot be compelled to sue any person except such as he may elect to sue. A defendant cannot convert such action into an equitable one by interposing an equitable defense. Such defense must stand and be tried upon its merits, as a mere naked defense.

Section 122 of the Code, authorizing the bringing in of additional parties, only applies to equitable actions.

Accordingly, where a defendant in an action of ejectment alleged that the deed under which the plaintiff's grantor claimed was in fact a mortgage, and that the same had been paid and discharged, *held,* that he was not entitled to an order requiring the plaintiff to bring in the executors of his deceased grantor, as necessary parties to the action.

APPEAL from an order of the Special Term, requiring plaintiff to bring in other parties, and staying proceedings in the mean time.

The action was in ejectment to recover possession of certain lands in Elbridge, against the defendants in possession claiming title. After setting out certain legal defenses to the action the defendants set up an equitable defense and counter-claim, alleging that although the legal title is in the plaintiff, they are entitled to a conveyance from one Squire M. Brown, his heirs and assigns, who took title originally as trustee of the defendants' assignor, Henry W. Bond. That Brown was to hold the title to said premises till certain moneys due to him from said Henry W. Bond were repaid. That said moneys had been fully paid to said Brown, but that said Brown had neglected to make a conveyance.

After trial and after the case was submitted to the court for decision, the court made an order staying plaintiff's proceedings until the plaintiff brought in outside parties, either as plaintiffs or defendants, who were deemed necessary parties to enable the defendants to make their defense available in this action. The plaintiff appealed from this order to the General Term.

*Le Roy Morgan*, for the appellant.

*G. N. Kennedy*, for the respondents.

E. DARWIN SMITH, J. :

The plaintiff commenced an action of ejectment for certain land in possession of the defendants.

The defendants' answer, among other defenses, sets up an equitable defense to the effect that the plaintiff's grantor, in the deed upon which he relied to show title, held such title as a mere security for a debt, or sum of money which had long previously been paid.

This answer, if established, was a complete defense to the plaintiff's cause of action ; for an equitable defense is equally as effectual as a legal one. (*Crary* v. *Goodman*, 12 N. Y., 266 ; *Cavalli* v. *Allen*, 57 id., 508 ; *Traphagen* v. *Traphagen*, 40 Barb., 537 ; *Safford* v. *Hynds*, 39 id., 625 ; *Dobson* v. *Pearce*, 2 Kernan, 156 ; *Phillips* v. *Gorham*, 17 N. Y., 274.)

If the defendants could establish that the title of the plaintiff's grantor was that of a mere mortgagee, and that the mortgage had

been fully paid before the conveyance was given to the plaintiff, the latter having full notice of the defendant's possession under claim of title, took no title by the deed, more than his grantor possessed ; which being a mortgage title, at best, would not sustain an ejectment.

If the parties were reversed, and the defendants were plaintiffs, or if they were seeking affirmative relief in this action, it would, doubtless, be necessary that the executors of the Monroe estate, the plaintiff's grantors, be made parties, either by amendment of the pleadings or by a cross-bill.

But the defendants ask no affirmative relief in the action ; they stand upon their equitable defense, and are clearly entitled as a mere defense, to prove and establish it, whoever may be concerned or interested in the result. The decision would, doubtless, not be *res adjudicata*, as against such executors, as between them and the defendants, or as between them and the plaintiff, unless the latter had given them due notice of such defense and called upon them to oppose and litigate it in this action.

The plaintiff's action is a legal one; and in such action I do not see how a party can be compelled to sue any person except such as he may elect to sue. The provision of section 122, for bringing in other parties, was designed to adopt the rule in equity on this point, and is only applicable to equitable actions. In legal actions, if the plaintiff cannot recover upon the case made by him he must be nonsuited, or should have a verdict against him. If, in such action, a defendant sets up an equitable defense, it must stand, and be tried upon its merits as a mere naked defense.

By putting in an equitable defense the defendant does not convert a legal action into an equitable one, or change the plaintiff's rights to have his legal rights determined in a legal forum. The Code simply allows an equitable defense to be set up in a legal action, to the same effect as if it were a strict legal defense.

The defendants in this suit stand upon their equitable defense ; they claim and seek to establish that the plaintiff's grantor had a mere mortgage interest in the land in dispute, and that his mortgage was fully paid, and that the deed to the plaintiff is, therefore, fraudulent and void. They, and others under whom they hold, have been in possession, under claim of title, for nearly forty

years, claiming title, and ask for no affirmative relief to protect such possession.

If the defendants desired equitable relief, as was the case in *Siemon* v. *Schurck* (29 N. Y., 613), they might and may still file their cross-bill and make the plaintiff and the executors of the Monroe estate parties; and in such suit they could set aside the plaintiff's deed, and have a reconveyance of the property, and their possession and title quieted. (*The Auburn City Bank* v. *Leonard*, 20 How., 193.)

The cases in which pleadings have been amended to bring in other parties, under said section 122, have been, generally, equity cases.

The case of *Shaver, Receiver, etc.*, v. *Brainard* (29 Barb., 25), where the plaintiff was required to bring in another party, was an equitable action; so was *Davis* v. *Mayor of N. Y.* (2 Duer, 663; reversed, 14 N. Y., 514).

We think the defendants need to have no additional parties brought in to enable them to make their defense, and that the order should be reversed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Order reversed, with ten dollars costs and disbursements.