(18 App. Div. 182.)

### SCHWENCKE v. HAFFNER et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1897.)

1. PARTITION—PARTIES.
   Where, under a clause in her father's will, a daughter was disinherited, but her share was not otherwise devised, she would be entitled to inherit on the contingency of intestacy, and was a proper party to an action to partition his estate.
2. WILLS—CONSTRUCTION.
   Under a devise on the death of testator's wife, "then my said estate shall be equally divided between my wife's children and my children then living," none of the children of the testator and his wife took under the devise unless living at the death of the wife.

Appeal from trial term.

Action by Amelia Schwencke for partition against Louisa Haffner and others. Judgment for plaintiff, and defendant Louisa Haffner appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Geo. H. Perry, for appellant.
G. H. Hildreth and Daniel Cameron, for respondent.

PER CURIAM. The true construction of the will of Christopher Huss, the common ancestor of the parties, from whom they have obtained title to the premises sought to be partitioned, is not free from doubt. The subject will stand much more discussion and examination than the counsel have seen fit to bestow upon it, possibly for the reason that the point hereinafter suggested had not been called to the attention of the attorney. We do not think it necessary to determine fully what construction should be placed upon the will, in the absence of parties who may be affected by our decision. We are entirely clear that in any aspect of the case there is a fatal defect of parties, in that Elizabeth Welch is not a party to the action. It is true that there is a clause of the will disinheriting her, but the share

which she might have taken in her father's estate is not otherwise devised; and in the remote, but possible, contingency of intestacy, she would be entitled to inherit. Haxtun v. Corse, 2 Barb. Ch. 521. The devise upon the death of the testator's wife is: "That then my said real and personal estate shall be equally divided, share and share alike, between my wife's children and my children then living or their heirs," etc. It is not necessary now to decide whether the provision "or their heirs" should be construed as a gift of substitution to the issue of the children who might die before the death of the wife. We think it entirely clear that none of the children of the testator and his wife could take under this devise, unless living at the death of the wife. The question is not whether the remainder is vested or contingent. Even assuming it to be vested, the question is whether subject to divest by death before the widow. The case of Patchen v. Patchen, 121 N. Y. 432, 24 N. E. 695, is conclusive on the question that the term "then," used in this clause, refers to the death of the widow. The argument that the widow, by conveying her life estate, could change or alter the rights of the parties in the remainder upon her death, is plainly untenable, and needs no serious discussion. If, at the death of the widow, none of the testator's children and none of her own children be surviving, then, unless the devise to the heirs is substitutionary, as suggested, the devise would fail, and the remainder pass to the testator's heirs at law. But if the gift to their heirs should be construed as substitutionary, still all the children might die before the widow, without leaving issue. Again, in that case the testator would die intestate, and the remainder pass to his heirs at law. If we should construe the term "heirs" in its broadest sense, and not confined to issue, in the case of the death of any of the testator's children without issue Elizabeth Welch would be one of the heirs at law of that child, provided Elizabeth survive the widow. We thus see that under any construction Elizabeth Welch has a contingent interest in the lands, and must be made a party to the action. As to the grandchildren, as already stated, we decline to now determine their rights. We, however, suggest to the parties whether it would not be wiser to bring such grandchildren into the action, that they may be concluded by any judgment rendered herein; otherwise it may well be that the purchaser on a sale under the judgment will not be compelled to take title, all the more that the courts uniformly hold that a purchaser at a judicial sale will not be compelled to take a doubtful title. Toole v. Toole, 112 N. Y. 333, 19 N. E. 682.

The judgment should be reversed, and a new trial granted; costs to abide the final award of costs.