(22 Misc. Rep. 293.)

### SCHWENCKE v. HAFFNER et al.

#### (Supreme Court, Special Term, Kings County. January, 1898.)

1. WILLS—CONSTRUCTION—DESIGNATION OF BENEFICIARIES.

A will provided that, "upon the death of my wife, if she should die without having again remarried, that then my said real and personal estate shall be equally divided, share and share alike, between my wife's children and my children then living or their heirs." A daughter and a grandchild were excepted from the benefits of the will. *Held*, that the word "heirs" was not used in its technical sense, but in the sense of "issue" or "descendants."

2. SAME.

Where final division is to be made among a class, the benefits of the will must be confined to the persons that come within the appropriate category at the date when the distribution is directed to be made, the gift being contingent on survivorship.

Action for partition by Amelia Schwencke, individually and as executrix, etc., against Louisa Haffner and others for partition. Decree ordered.

Daniel Cameron, for plaintiff.

C. & T. Perry, for defendant Louisa Haffner.

J. Homer Hildreth, for defendant Rosa Huss.

Henry M. Birkett, for defendant Elizabeth Welch.

HIRSCHBERG, J. On the first trial of this action (a partition suit) the defense was a defect of parties defendant, in that the grandchildren of both the testator and his widow had contingent interests and were not made parties. Judgment for the plaintiff on a trial of this issue of law was reversed, and a new trial ordered. See report of case of Schwencke v. Haffner, 18 App. Div. 182, 45 N. Y. Supp. 937. Since that decision, and on the 29th day of June, 1897, the testator's widow died, and the rights and interests of the parties in the real estate are now to be finally determined. Christopher Huss, the testator, died December 3, 1880, leaving Caroline Huss, his widow, and four children, all children of a former marriage, viz. Amelia, Louisa, Charles, and Elizabeth. At the time of his death, his widow had living, issue of a former marriage, two children and a grandchild, viz. George Zaeh and Bertha Zaeh, children, and Henry Himsell, grandchild, the son of a deceased daughter. The testator and his widow had no children in common. George Zaeh died July 22, 1885, intestate and unmarried. Caroline Huss, the widow, and her daughter, Bertha Zaeh, executed a conveyance April 24, 1889, of all their interests in the estate to the testator's children, Amelia Huss, now the plaintiff, Amelia Schwencke, Louisa Huss, now the defendant Louisa Haffner, and Charles Huss, equally. Charles Huss died December 22, 1895, leaving his widow, the defendant Rosa Huss, to whom he devised all his estate by will dated June 21, 1890, and admitted to probate January 21, 1896. The widow, Caroline Huss, did not remarry. By the terms of the will of Christopher Huss, the full text of which will be found in 18 App. Div. 183, 45 N. Y. Supp. 937, it was provided that "upon the death of my wife, if she should die without having again married, that then my said real and personal estate shall be

equally divided, share and share alike, between my wife's children and my children then living or their heirs." From the context and the fact that this provision embraces the personal estate, and that the daughter Elizabeth and the grandchild are excepted from its benefits, I conclude that the word "heirs" is not used in its legal and technical sense, but in the sense of issue or descendants. At the time of the widow's death, the only children living who could take were Amelia, Louisa, and Bertha, and each would be entitled to a third, but for Bertha's conveyance. By her deed, she conveyed her third to Amelia, Louisa, and Charles, and the one-third of that third which Charles thus acquired goes to his devisee, the defendant Rosa Huss. The other eight-ninths belong equally to the plaintiff and the defendant Louisa Haffner. In Re Baer, 147 N. Y. 353, 41 N. E. 702, the rule is stated as follows:

"Where final division and distribution is to be made among a class, the benefits of the will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made. Bisson v. Railroad Co., 143 N. Y. 125, 38 N. E. 104; Goebel v. Wolf, 113 N. Y. 405–411, 21 N. E. 388; Teed v. Morton, 60 N. Y. 506; In re Smith, 131 N. Y. 239, 247, 30 N. E. 130. In such cases the gift is contingent upon survivorship, and, if it vests at all before the date of distribution, it is subject to be devested by the death before that time of a person presumptively entitled to share in the distribution."

Decree will be settled in accordance with the terms of division herein stated. Ordered accordingly.