RUTH LILLIAN HEMENWAY v. EMILY T. DRAPER and Others.[1]

January 8, 1904.

Nos. 13,686—(166).

**Life Insurance.**

> A provision in a contract of life insurance directing the payment of the amount of the policy at the death of the insured to his brothers and sisters, "or to their living issue according to the right of representation," construed in connection with other parts of the policy, and the phrase "their living issue" *held* to mean and refer to living lineal descendants of deceased brothers and sisters.

Action in the district court for Ramsey county by plaintiff a grand-niece of William E. Forrest, deceased, to determine the ownership of $500 theretofore paid into court as part of the proceeds of a policy of insurance on the life of deceased. The case was tried before O. B. Lewis, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendants appealed. Affirmed.

*C. H. Rossman,* for appellants.

*O. H. Comfort* and *A. G. Otis,* for respondent.

BROWN, J.

The facts in this case are as follows: William Forrest was in his lifetime a member of the A. O. U. W., a mutual fraternal insurance society, holding a policy therein for $2,000, payable, by its express terms, at his death, to his widow. The by-laws of the society in force

---

[1] Reported in 97 N. W. 874.

at the time he became a member provide that, in case of the death of a member during the life of his policy, payment thereof should be made (1) to his widow; (2) if he leaves no widow, to his children, share and share alike (the children, if any are living, of deceased children, to take by representation); (3) to his father and mother, share and share alike; (4) to the surviving father or mother; (5) to his brothers or sisters, share and share alike, "or to their living issue according to the right of representation"; (6) to his surviving brother or sister, "if no issue of other brothers or sisters are living." They further provide, in effect, that, in case there be no living next of kin entitled to the benefit, the money shall revert to the society. These various provisions of the by-laws of the society became a part of the contract of insurance, and by them we are guided in determining the question presented on this appeal. Forrest died leaving no widow, no children, no father or mother, no brothers or sisters, or other next of kin, surviving him, save and except the children of certain deceased sisters—three nieces and one nephew—and one grandchild of another deceased sister. Upon proper proof of his death, the society paid the money due on the policy into court, and the controversy now before us is between the nieces and the nephew on the one hand, and the grandniece on the other, as to the proper distribution of the money.

The contention on the part of the nieces and nephew is that the grandniece does not come within the meaning of the by-laws providing for the distribution of the fund, and is entitled to no part of it. It is contended on their behalf that the word "issue," as used in the fifth subdivision of the by-laws above referred to, means children, as distinguished from descendants generally; that, as the nieces and nephew are the only living children of deceased sisters of Forrest, they are entitled to the whole fund.

The question is to be determined by a construction of the fifth subdivision of the by-laws above quoted, providing for the payment of the amount of the policy to the brothers and sisters, "or to their living issue according to the right of representation." The intention of the parties must control this question. A careful examination of the various provisions of the by-laws referred to leaves no room for serious doubt that the fifth subdivision was intended to refer to descendants of deceased brothers and sisters, and that the phrase "their living issue"

was used synonymously with "lineal descendants." So construed, the by-laws will read that the policy should be paid to the brothers and sisters of the member, or, if they be not living, then to their living descendants, according to the right of representation. This is in harmony with the general rule for the construction of such language, and with the statutes on the subject of the descent of property (Yates v. Shern, 84 Minn. 161, 86 N. W. 1004), and is made manifest and obvious by the sixth subdivision of the by-laws, which provides for payment to the surviving brother or sister if no issue of other brother or sister be living. If appellants' contention is sound, the word "issue" would necessarily be construed to mean "children," and the surviving brother or sister, if no children of other brother or sister be living, would be the beneficiary. This construction would conflict with other portions of the by-laws, and not harmonize with the intention of the parties.

Again, there is a further reason why this construction is a proper one. The by-laws provide that, in case there be no next of kin to whom the money may be paid, the same shall revert to, and become the property of, the society. It was clearly the intention of the society, and of the members joining it, that the beneficiary fund should be paid to some next of kin of the members, and that it should not revert to the society, except there be no such next of kin, near or remote. An interpretation of the by-laws which would prevent such a result should not be adopted, except the plain language demand it. Every presumption and inference favors the construction that the parties intended the money to revert to the society only in case there were no next of kin at all. The fifth subdivision, if construed as a designation of lineal descendants of deceased brothers and sisters as beneficiaries, will be in harmony with this theory—the evident intent of the parties. We so construe it, and hold that respondent, the grandniece of deceased, is entitled to her grandmother's share of the money in question. The expression "by right of representation" means in the right of the ancestor through whom the respondent takes.

The money due under the policy, on the facts shown, belonged to the four sisters of the deceased; and the parties to this action, children, on the one hand, and a grandchild, on the other, of such deceased sisters, take the share belonging to each. In other words, they stand in the place of, and represent, so far as the distribution of the fund is

concerned, the deceased sisters. It follows that appellants' contention that the parties take pro rata, share and share alike, cannot be sustained.

Judgment affirmed.