Proposed findings and interlocutory judgment may be submitted.

Judgment accordingly.

---

GEORGE HOWARD, Plaintiff, *v.* MICHAEL MORRISSEY, JULIA MORRISSEY, His Wife, BENJAMIN E. VALENTINE and ELLEN HOWARD, Defendants.

(County Court, Nassau County, March, 1911.)

Equity — Parties — Who are necessary or proper parties.

Partition: Right and propriety — Necessity of possession or seisin; Persons entitled: Procedure for partition — Parties — Proper parties: Decision, judgment and relief — Enforcement of collateral rights and agreements.

Tenants in common and joint tenants — Rights and liabilities inter se — Contribution for improvements.

The owner of an undivided interest in lands may maintain an action to partition them, although he has made an executory con-

tract to sell them and the vendee has paid part of the purchase price and is in possession.

In such a case, if actual partition is made, the judgment may provide for setting off to the vendee the allotment of land made to the plaintiff upon the vendee's performance of his contract.

All persons having or claiming an interest in lands sought to be partitioned may be made parties to the action in order to settle all controversies to the title in one suit.

In an action in equity it is not necessary that the alleged causes of action should affect all of the defendants to the same extent or in the same manner inasmuch as a court of equity has the power to so mold its judgments as to do equity between all the parties.

Where a tenant in common makes improvements to the common property which are not in the nature of repairs or required for the protection or preservation of the property, he cannot charge the shares of his cotenants with the proportionate part of their cost, in the absence of their consent or agreement.

ACTION for partition of certain meadow lands.

Frederick L. Gilbert, for plaintiff.

Benjamin E. Valentine, defendant in person.

Edward E. Sprague (Uterhart & Graham, of counsel), for defendant Michael Morrissey.

NIEMANN, J.  This action is brought for the partition of certain meadow lands, comprising about sixteen acres, situated in the town of Hempstead, Nassau county, N. Y.

The complaint divides the premises into two parcels, designated respectively "Parcel A" and "Parcel B" and sets forth in substance the following facts:

That the plaintiff and the defendant Michael Morrissey are the owners of the said lands in equal moieties as tenants in common; that the defendant Benjamin E. Valentine is a purchaser in possession of a portion of said premises, being "Parcel B," under a contract made by the plaintiff for the sale to him of plaintiff's interest in said premises; that, prior to said Valentine's possession of said "Parcel B," the plaintiff and the defendant Michael Morrissey agreed between

Misc.]        County Court, Nassau County, March, 1911.

themsélves upon a division of said property held in common between them, by setting off, granting and releasing to said Michael Morrissey that portion of said premises containing eight acres, or thereabouts, designated in said complaint as " Parcel A," and setting off, granting and releasing to the plaintiff the remainder of said land, designated as " Parcel B; " that, relying on said agreement as to actual partition of the premises, the plaintiff authorized the defendant Valentine to enter upon said lands designated as " Parcel B " and to improve the same, in furtherance of his purchase thereof from this plaintiff; that the defendant Valentine has done a considerable amount of work and expended considerable amounts of money in the improvement of said land designated as " Parcel B " and claims a lien thereon for his work and expenditures; that the defendant Morrissey now refuses to set off and release to this plaintiff or to his vendee, said Valentine, the lands designated as " Parcel B," as agreed, and refuses to make partition and accept from the plaintiff a conveyance in partition of said lands designated " Parcel A."

The relief demanded by the plaintiff is that there be judgment that a partition and division be made of said real property according to the plan agreed upon, by setting off to the plaintiff the land designated as " Parcel B " and to the defendant Morrissey the land designated as " Parcel A," according to their respective rights and equities, or, in case the said premises cannot be divided between them without material injury to the parties interested therein, that then the said property be ordered sold under the direction of the court and the proceeds thereof divided according to the rights and equities of the parties.

The complaint also prays that the court shall adjudge and decree such other and further relief in the premises to any of the parties as may be consistent with justice and equity and the nature of the case may require.

The defendant Valentine interposed an answer, admitting all the allegations of the complaint and setting up as ground for affirmative relief in his favor that, prior to the 1st day of

May, 1910, for good consideration, he and the plaintiff agreed with each other that the plaintiff would sell to said defendant his one-half interest in all the premises described in the complaint; that said defendant informed the defendant Morrissey of his said purchase, and that he would not hold any of said premises in common with said Morrissey, whereupon said Morrissey urged said defendant to arrange for an actual division of said property, instead of having any partition sale of the property, and said defendant, in behalf of himself and of the plaintiff, thereafter agreed with the defendant Morrissey that the latter should have set off to him that portion of the premises which is described in the complaint as " Parcel A," and that the plaintiff should have set off to him, and transferred to said defendant Valentine, the portion of said premises described in the complaint as " Parcel B," to which arrangement the plaintiff also assented; that thereupon said Valentine, in reliance upon said agreement made with the said parties, entered into possession of the said " Parcel B " and commenced to improve the same and brought a dredge to the water front thereof and did a large amount of labor in dredging a channel of approach thereto from Jamaica bay and made improvements of the value of $1,500, and upwards, in reliance upon said agreement and oral division of the said property held in common up to that time between the plaintiff and the defendant Michael Morrissey.

The defendant Valentine thereupon demands judgment that said oral partition and agreement for division of said property be adjudged binding upon the plaintiff and said Morrissey, their heirs and assigns, and that the same be confirmed by the judgment of this court, and that, if for any reason the said oral agreement of partition shall not be confirmed, said defendant Valentine be adjudged to have a lien upon the said premises " Parcel B," for the value of his improvements made for the benefit thereof, and that he may have such other and further relief as he may be entitled to.

This answer of the defendant Valentine was served upon the attorneys for the defendant Michael Morrissey, and there was no reply thereto served.

The defendant Michael Morrissey served an answer to the complaint, denying all the material allegations thereof, except the allegation that he refused to set off and release " Parcel B " to the plaintiff or the defendant Valentine, or to accept a conveyance from the plaintiff of said " Parcel A," and as a distinct and separate defense alleges that he and the plaintiff Howard are each the owners of an undivided one-half interest in the lands described in the complaint; that the said defendant and his cotenant Howard have not been able to agree upon a division of the said property, and that the division asked for in the complaint is wholly in favor of the plaintiff and is unfair to said defendant Morrissey, and that said defendant is desirous of having an impartial division made of the said property, and concludes with a demand for judgment dismissing the plaintiff's complaint, and prays that partition be directed by this court, and that a commission be appointed for that purpose, or, if a fair division cannot be made, that the property be sold by a referee, and for such further relief as may seem to this court just and equitable. Evidence was given by the parties upon these issues, which, so far as it is material, will be discussed and considered in connection with the legal questions involved.

The questions which have been presented for my determination upon the record in this case may be stated as follows:

*First.* Was there an oral agreement between the parties for the partition between the plaintiff and the defendant Michael Morrissey of the lands in question according to a plan agreed upon between them?

*Second.* Is the plaintiff in possession of the said lands as a tenant in common with the said defendant Morrissey and is his possession such as to entitle him to maintain an action for partition?

*Third.* What are the rights of the defendant Valentine under his contract of purchase made with the plaintiff of the share or interest of the plaintiff in the premises, and can those rights be adjusted and adjudicated between said plaintiff and the defendant in this action?

*Fourth.* Is the defendant Valentine entitled to be allowed in this action, or to recover from the defendant Morrissey,

any part of his expenditures for dredging a channel of approach to the premises from Jamaica bay, upon the ground that it was an improvement made upon the property?

*Fifth.* Should the complaint in this action be dismissed, or should the court, under the allegations in the pleadings and upon the proofs submitted at the trial, entertain the case and dispose of it upon the merits and enter a decree of partition or sale as the rights and interest of the owners of the property may require?

I will take up these questions in the order in which they are stated.

1. I find that there was no oral agreement made between the parties for the partition between the plaintiff and the defendant Michael Morrissey of the lands in question. The plaintiff entered into an agreement with the defendant Valentine for the sale of his undivided one-half interest in the premises in question for the sum of $5,000, upon terms set forth in a receipt (defendant Valentine's Exhibit " C ") which embodies all the material terms and conditions upon which the plaintiff agreed to sell and the defendant Valentine to purchase said interest. After acquiring the right to purchase the plaintiff's interest in the said lands, the defendant Valentine took steps to acquire the defendant Morrissey's half interest. He had a number of interviews with Morrissey looking toward the purchase of said interest. The negotiations commenced about April, 1910. Valentine told Morrissey that he had bought the meadows from Howard and talked with Morrissey about a division of the property according to the plan mentioned in the complaint, that is, the division of the lands into separate parcels. Morrissey at the first interview expressed surprise that Howard had disposed of his half interest without letting him know. Valentine called upon Morrissey a number of times and suggested that it would be a good idea for them to divide the land so as to have no disagreement about it. He told Morrissey what he should take and what Valentine wanted to take. Morrissey was a coachman in the employ of William A. Hazard, of Cedarhurst, and had no desire to dispose of his holding; but Valentine was persistent and followed Morrissey up from

time to time and went so far as to deliver to Morrissey a proposed agreement between Morrissey and Valentine, which recited that Morrissey and Valentine were each owners of an undivided half of the lands and, as tenants in common, desired to make actual partition thereof and provided for the setting off by one to the other of the land in parcels. Morrissey said he wanted to put the matter before some people and get their advice about it; and he did speak to people residing in the neighborhood about it and finally told Valentine that he would not do anything without the advice of his employer, Mr. Hazard, in whom alone he had implicit confidence. During one of these interviews, Valentine left a deed with Morrissey which was dated the blank day of June, 1910, by which Morrissey was to convey to Howard all his interest in the premises. Finally, when Valentine met Morrissey in the road one day, he said to him: " Mr. Morrissey, have you come to any conclusion as to agreeing with what I have suggested about a division? " to which Morrissey replied: " I have not had any time to do anything about it." Valentine then said: " I will show you that you have got to do something;" and he brought his hand down on the side of the automobile and said: " I will force you to do it." That was the last interview they had about the matter. Neither the agreement nor the deed was ever signed or executed by the defendant Morrissey. I am satisfied from the evidence that the minds of these two men never met upon any agreement for a division or conveyance, and that Morrissey never agreed to the plan or scheme of dividing up the property and setting off a parcel to each owner, in the manner and according to the scheme set forth in the complaint and the defendant Valentine's answer. I have not overlooked the testimony given by the plaintiff and the two witnesses, Ada Murphy and Jean Post, called by the defendant Valentine. Howard, the plaintiff, testified that, several weeks after he had agreed to sell his interest to Valentine, he met the defendant Morrissey who stated to him that Valentine had offered to buy his one-half, but that he would not sell and that Valentine had made a proposition to him about dividing the property which he thought very fair — a pretty fair

18

agreement — and he would accept it and sign the papers; that some days after that Howard saw Morrissey at the stable near his house, and he said he had taken advice upon it and had changed his mind.

Ada Murphy testified that she and Jean Post were present in Valentine's automobile upon one of the occasions when Valentine called at Mr. Hazard's place at Cedarhurst, where Morrissey was employed, and that she heard a conversation about some papers which Mr. Morrissey said he wanted to show to his lawyer, and when they came back he would sign them if everything was satisfactory. Miss Post's testimony was substantially to the same effect.

It was sought by this testimony to establish an admission on the part of Morrissey that he had agreed to Valentine's plan of actual partition. But no such agreement or assent to the plan proposed by Valentine was established to my satisfaction by said evidence. I am convinced that the defendant Morrissey never gave his assent to the arrangement proposed by Valentine. The matter was left open. Morrissey finally flatly refused to execute the proposed written agreement submitted to him by Valentine. There was no completed, final, binding contract between them. Their negotiations did not amount to an agreement. Brown v. N. Y. Central Railroad Co., 44 N. Y. 79, 86; Bryant v. Ondrak, 87 Hun, 477, 480.

2. In order to maintain partition, one must have an interest by ownership in fee, but need not have possession. Actual possession is not necessary under the Code of Civil Procedure, section 1532, authorizing partition, where persons hold and are in possession of real property as joint tenants or tenants in common; but a present right to possession is sufficient. Weston v. Stoddard, 137 N. Y. 119; Satterlee v. Kobbe, 173 id. 91; Wallace v. McEchron, 176 id. 424; Leidenthal v. Leidenthal, 121 App. Div. 269; Smith v. Allen, 139 id. 657. No adverse possession to the property involved in this action has been shown. The lands consist of salt meadows which are unoccupied; and, as possession follows the legal title, unless adverse possession is shown, the persons possessing the fee are deemed by law to hold such

possession. Brownell v. Brownell, 19 Wend. 369; Beebe v. Griffing, 14 N. Y. 235; Florence v. Hopkins, 46 id. 186; Jessup v. Wetherbee Real Estate & Insurance Company, 151 N. Y. St. Repr. 281. The question is, who holds the legal title to the premises sought to be partitioned in this action, and is there any adverse possession, that is, any possession that would take the legal possession which follows the title out of the owners of the fee. The legal title, *i. e.,* the ownership of the fee or the freehold interest, is in the plaintiff and the defendant Michael Morrissey, as tenants in common. The contract of sale made by Howard with Valentine does not change the ownership of the fee. It was an agreement to convey, only, and not a conveyance. Upon the making of such a contract for the purchase and sale of real estate, the vendor still has the legal title, and the purchaser retains the purchase price. The vendee has no title to the land. Jackson ex dem. Shipley v. Moncrief, 5 Wend. 26.

The plaintiff's right to maintain this action to partition the lands in question turns upon the question, what estate, or interest, or right, has the defendant Valentine? Had he paid the purchase price and fully performed the terms of the contract of purchase made between him and Howard, nothing but the naked, legal title would be left in Howard, and Valentine would be regarded as the owner of the land and would be entitled to a decree for a specific performance and for the execution and delivery of a deed from the vendor, and in this action would be considered such owner. Traphagen v. Traphagen, 40 Barb. 537. When the consideration is paid, the agreement is tantamount to a deed, as the foundation of adverse possession. Fosgate v. Herkimer Man. & Hydraulic Co., 12 Barb. 352, 356. But here we have an executory contract under which only a part of the purchase price has been paid, as distinguished from a contract which has been fully performed by the vendee. Such an interest, while it gives equitable rights which may and should be considered and taken care of in this action, does not amount to a grant of an interest in the land; it is not an estate. Dolittle v. Eddy, 7 Barb. 74. Under this executory contract, Valentine cannot question the title of his vendor; nor could he hold

County Court, Nassau County, March, 1911. [Vol. 71.

adversely, until he had performed the condition of his agreement to purchase so as to entitle him to a conveyance.

Assuming that the plaintiff Howard permitted the defendant Valentine to enter into possession of the lands in question, the possession of said Valentine as vendee would be that of tenant at will. Jackson ex dem. Shipley v. Moncrief, *supra;* Suffern v. Townsend, 9 Johns. 35; Wright v. Moore, 21 Wend. 229; Kellogg v. Kellogg, 6 Barb. 116; Dolittle v. Eddy, 7 id. 74; Traphagen v. Traphagen, 40 id. 537; Harris v. Frink, 49 N. Y. 24. The purchaser's possession under such an executory contract is not adverse to the vendor if the purchase price remains unpaid. Fosgate v. Herkimer Man. & H. Co., 12 Barb. 352. I find, therefore, that the plaintiff is entitled to maintain this action for a partition. I have endeavored to determine and dispose of all the questions in anywise affecting the title, possession or right of possession of the premises which are the subject of this action, as well as the rights both legal and equitable between the parties, and to adapt the relief to the exigencies of the case; and in this I am following the rule governing this class of actions laid down by the Court of Appeals in the case of Satterlee v. Kobbe, 173 N. Y. 91, 97. This course will prevent a multiplicity of suits.

3. I find that there was a valid agreement made between the plaintiff and the defendant Valentine for the purchase and sale of the plaintiff's undivided one-half interest. It appears from defendant Valentine's Exhibit " C " that the time for closing the contract of sale was adjourned, on May 4, 1910, to May 10, 1910, at the office of the Guaranty Title Company at Jamaica. There was no evidence given upon the trial of this action that said contract was closed by the execution and delivery of a deed by Howard to Valentine; and the case was tried and submitted by said Howard and Valentine upon the theory and assumption that said contract of sale is in full force and that the defendant Valentine is entitled to a conveyance of the plaintiff's interest upon complying with the conditions of the said contract as evidenced by said receipt, defendant Valentine's Exhibit " C," which said terms are therein stated and fixed as follows: " Pur-

chase price $5,000.00 — to be closed in thirty days — by warranty deed, free and clear, one-half mortgage at 5% payable on or before the expiration of three years." I find, therefore, that the defendant Valentine is entitled to receive a conveyance from the plaintiff of plaintiff's said half interest upon complying with said conditions; and, as both the plaintiff and the defendant Valentine are before this court as parties to this action, their rights can be adjusted and fixed as between themselves in the interlocutory judgment to be entered in this action as follows: If actual partition is made between the plaintiff and the defendant Morrissey of the lands in question, said judgment may provide for the setting off to the defendant Valentine of the allotment of land made to the plaintiff, upon condition, however, that Valentine pay to the plaintiff the amount provided to be paid under their said contract, and that he give to the said plaintiff a purchase-money mortgage for the balance, as provided therein. Should it be found, upon further proof as to the situation of said lands, that a sale thereof will be necessary, the judgment will provide that the net share of the purchase price payable to said plaintiff shall be paid to said defendant Valentine less the balance due from Valentine on the completion of his said purchase; and, should the said net share of the plaintiff realized upon such sale be less in amount than the purchase price as fixed in said contract of sale, the defendant Valentine shall be liable to the said plaintiff for the difference between said contract price and the net amount realized. This disposition cannot in anywise affect the rights or interests of the defendant Morrissey, and simply fixes and disposes of the contractual rights of the plaintiff and the defendant Valentine according to their own agreement and in conformity with the position which they have taken upon the trial of this action, and gives to each of said parties what he is justly and equitably entitled to, and, upon full compliance by Valentine with the terms of the contract of purchase, yet to be performed by him, will put him in the shoes of his vendor Howard. Traphagen v. Traphagen, 40 Barb. 537. He would now be in that position had he paid the entire purchase price; but, as he

has not done so, the legal title is still in Howard, and as shown above, Valentine is a mere tenant at will. All persons having or claiming an interest in the lands sought to be partitioned may be made parties in order to settle all controversies to the title in one action. And, partition being an action in equity, it is not necessary that the alleged causes of action should affect all of the defendants to the same extent or in the same manner, inasmuch as a court of equity has the power to so mold its judgments as to do equity between all the parties. Gray v. Fuller, 17 App. Div. 29, 36; Rogers v. Wheeler, 89 id. 435, 442; Satterlee v. Kobbe, *supra;* Lawrence v. Morton, 116 id. 896. Persons having a possible interest in the property should be brought in as parties, so that a purchaser will not be compelled to take a doubtful title. Schwencke v. Haffner, 18 App. Div. 182, 185. Any persons who either are or claim to be interested in the land affected by a demand for a sale and a division of proceeds are proper parties. Townsend v. Bogert, 126 N. Y. 370; Biglow v. Biglow, 39 App. Div. 103. It was, therefore, perfectly proper, and indeed good practice, to make Valentine a party to this action; and, now that he is properly before the court, there is abundant authority to sustain the right of the court to adjust the rights and equities existing between him and the plaintiff. Satterlee v. Kobbe, *supra;* Lawrence v. Morton, *supra;* Wallace v. McEchron, *supra;* Herbert v. Smith, 6 Lans. 493.

4. The claim of the defendant Valentine to be allowed in this action to recover from the defendant Morrissey his expenditures for dredging a channel of approach to the premises from Jamaica bay, upon the ground that it was an improvement made upon the property, is untenable, both upon the facts and the law of this case. The defendant Valentine knew that these two men, Howard and Morrissey, owned this piece of meadow land. He owned a large steam dredge with which he had improved, by dredging and filling, a tract of land owned by him on the east of the property in question; and it was his plan to carry the channel to the west side of said property to make it more accessible. So he bargained with the plaintiff for his half interest in the lands

in question and devised a plan for the actual partition of
the entire piece between his vendor, Howard, and the co-
tenant of the latter, Morrissey; and, believing that he could
accomplish this, he obtained the consent of the plaintiff,
Howard, to at once bring up his dredge, and started the
making of said proposed channel. This work was going on
while he was negotiating with Morrissey; but, as has been
shown, he failed to get Morrissey's interest, which left him
in the position of one who, as a volunteer and for his own
purpose, had performed certain work and incurred certain
expenditures, the amount of which is immaterial to this dis-
cussion. The evidence shows that Morrissey never consented
to the doing of said work by Valentine, and never bound
himself in any way to have the amount thereof allowed to
Valentine, or to reimburse him for any part thereof. It is
perfectly clear that upon this state of facts Valentine is not
entitled to an allowance for such work or to contribution
from the defendant Morrissey. Scott v. Guernsey, 48 N. Y.
106.

The defendant Valentine's claim to recover for the dredg-
ing of this channel upon the ground that the work done con-
stituted an " improvement " of the property does not find
support in the cases of Ford v. Knapp, 102 N. Y. 135; Sat-
terlee v. Kobbe, 173 id. 91, and Lyons National Bank v.
Shuler, 199 id. 405. In the Ford case, the defendants were
tenants in common with W. in a mill property and were in
actual occupation, their interest being an undivided one-
half. The interest of W. was sold on a judgment against
him and bid in by defendants. The property was so badly
run down and out of repair as to be nearly useless; defend-
ants, after such purchase, expended large sums in necessary
repairs and in improvements, restoring it to its original use-
fulness and greatly increasing its value. Thereafter plain-
tiffs, as subsequent judgment creditors of W., redeemed and
brought an action for partition, and the property was sold
under judgment therein. It was held that, upon division
of the proceeds of sale, defendants were entitled to an allow-
ance for the enhanced value of the property resulting from
the repairs and improvements. This case did not decide that

the bare fact of making improvements gave a right to an allowance therefor, but, on the contrary, held that an equitable allowance must depend upon the particular facts of each case; and the court based its decision that the case in hand was one of those in which in the exercise of equity an allowance should be made, upon the grounds, among others, stated by Judge Finch (p. 142): " The defendants acted in the presence of a peculiar and unusual emergency; they acted in entire good faith; the repairs were necessary and not merely a venture or speculation, and the improvements were in the line of restoration and not of new and strange enterprise."

In the Satterlee case, the court held that, where a person makes improvements in reliance upon his having a good title, although such title may be in fact defective, a court of equity may grant them relief or compensation for their improvements, and recognized the right to do so in the cases where a party, not a tenant in common, makes the improvements on property in good faith and under the honest supposition that it belonged to him.

In the Lyons case the decision proceeded upon the theory that, although the trust was invalid and the authority of the trustees fell with it, the court was warranted, in the exercise of its equitable powers, in allowing compensation to the grantee of the purchaser, under the trustee's deed, for the value of the improvements placed upon the property, so far as they enhanced the value of the land. In that case a testamentary trustee, acting under a power of sale conferred by the will of his testatrix, conveyed land owned by her for the full value thereof to a purchaser acting in good faith, upon the assumption that the trustees had the right to convey a legal title. The purchaser conveyed to another, who entered into possession of such land under claim of lawful title; and, with the knowledge of the heirs of testatrix and of the plaintiff, a judgment creditor of three of her sons, restored and made valuable a milling property on such land. Thereafter, such judgment creditor caused execution to be issued and purchased the interest of said heirs in said land at the sheriff's sale thereof. Later such creditor began an

action for a partition of such property, claiming that testatrix's devise thereof was invalid and void; that the trustee's conveyance thereof transferred no title, and that, through its purchase of the interest of three of the sons of testatrix, it was the owner of three-fifths of the property in question. Judge Gray, writing the prevailing opinion of the court, says (p. 411): " The three important elements underlying the award of relief are those of the good faith, and the innocent mistake of the purchaser, and that the plaintiff is in a court of equity asking its aid. Each case is, necessarily, governed by its peculiar facts."

If the dredging done by Valentine were of such a nature as to constitute what is recognized by the law as an improvement, he would have no greater right for an allowance or reimbursement therefor than the plaintiff, Howard, would have if he had done the work. This being so, even if the work constituted an improvement within the meaning of the law, there could be no allowance or recovery, because Howard, himself, as an owner of one-half of the premises, would not be entitled to charge the same against the property or against his cotenant Morrissey, for the reason that one tenant in common cannot, in the absence of an agreement or the consent of his cotenant, bind him by making improvements. I find that no such agreement was ever made by the defendant Morrissey with his cotenant, Howard, or with Valentine, or any consent given by Morrissey to have such improvements made. The plaintiff's placing Valentine in possession of the premises and allowing him to enter thereon for the purpose of dredging a channel could not give Valentine any greater right than the plaintiff himself had; and, as the plaintiff had no right to make any improvements without the consent of his cotenant, Valentine is not entitled to any allowance therefor, any more than would the plaintiff, had he made the improvements. Taylor v. Baldwin, 10 Barb. 582, 590; Scott v. Guernsey, *supra;* Coakley v. Mahar, 36 Hun, 157; Bowen v. Kaughran, 1 N. Y. St. Repr. 121.

In the case of Cosgriff v. Foss, 152 N. Y. 104, Judge Vann states the rule governing this subject as follows (p. 110): " The erection of a new and independent build-

ing, the improvement of farming lands by fencing or drainage, the opening of mines or quarries, or the making of changes that are in no sense designed to protect or preserve the property, but simply to improve it and increase its value, do not warrant the court in requiring a cotenant who has not consented to contribute to the expense. This is just, as an extension of the rule from repairs to general improvements, in the nature of new erections, might enable one cotenant to ' improve ' the other out of his share in the property."

5. Under the cause of action submitted by the pleadings and upon the evidence in this case, there is no reason why the complaint should be dismissed. The case should be disposed of upon the merits in the manner herein indicated. The plaintiff is entitled to an interlocutory judgment for the partition or sale of the premises described in the complaint. Costs will be awarded to the plaintiff and to each of the defendants who has served an answer, and the amount of allowances to be granted will be reserved until the entry of final judgment. It will be necessary, however, to have some further proof made as to the situation of the lands and their actual divisibility, or whether a sale will be necessary; and for this purpose I will set this case down for further hearing before me on Saturday, the 18th day of March, 1911; and, after this formal proof has been submitted, findings of fact and conclusions of law and interlocutory judgment may be presented and settled, upon notice, in accordance with the foregoing adjudication.

Judgment accordingly.