Anthony P. Savarese, S.
This is a proceeding to judicially settle the accounts of petitioners as trustees under the will of Julia Doerschuck for the benefit of Emma Doerschuck. Construction of the will is necessary to determine to whom the remainder of the trust is now payable. After bequeathing $30,000 to her three daughters share and share alike, the testatrix disposed of the balance of her estate in the following manner:
*424 “ Third: I direct that the entire rest, residue and remainder of my estate, real or personal, and wherever situate, shall be divided into three equal parts, and I dispose of each of said three parts as follows:
a * * #
“ (B) * * *
“ (C) I give, devise and bequeath one of said equal parts to my Trustees hereinafter named, or to their successor, for the following uses and purposes only however :
“ To apply and pay the rents, income and profits therefrom to my daughter, Emma Doerschuck, as long as she shall live, and at her death I direct that said one-third share shall be divided into as many parts as my said daughter shall leave issue me surviving. I direct my said Trustees to pay the rents, income and profits of each of said shares to each of the issue, me surviving, of my said daughter until each of such issue shall attain the age of thirty-five (35) years, and as each of such issue shall attain said age, he or she shall receive the principal of his or her share. Should any of such issue die before attaining the age of thirty-five (35) years, I direct the principal of the share of said deceased issue to be equally divided between the surviving issue of my said daughter. Should my said daughter die without leaving issue her surviving, then I direct said one-third of my residuary estate shall go in equal shares to my sons, Richard Doerschuck, Walter Doerschuck, Ralph Thomas and George Doerschuck, or to their issue. If any of my said sons shall predecease me, leaving no issue me surviving, the share of said deceased son shall be divided among my grandchildren who shall survive me, share and share alike.”
Subdivisions “ (A) ” and “(B)” of the “Third” paragraph are identical with subdivision “ (C) ” except that the beneficiaries are testatrix’ daughters Elfreda Plage and Virginia Widmann respectively.
When the testatrix made her will on May 26, 1926, she was a widow with three daughters, four sons, and four grandchildren. Her daughter Emma and her sons Henry (named in the will as Ralph Thomas, by which name he was legally known at the time) and George were single. The others were married. Her daughter Elfreda had a child, and her son Richard had three children. When the testatrix died on March 10, 1946, the family situation was unchanged except that her son Walter also had one child. Thereafter, her grandson Richard W. Doerschuck, Jr., died on August 30, 1947, without issue, and her son Henry R. Doerschuck died without issue on July 28, *425 1950. Her daughter Emma died without issue on January 18, 1951, thus terminating the trust for her benefit.
There is no dispute that testatrix’ three sons, Richard, Walter, and George, are each entitled to one fourth of the remainder of Emma’s trust. The difficulty arises with respect to the disposition of the remaining one fourth which was initially intended for testatrix’ son Henry.
At least five different dispositions are conceivable or have been suggested in the briefs. Henry’s share may pass to the grandchildren of the testatrix, or to her three sons who survived Emma, or to the collective issue of the sons who survived Emma, or to Henry’s estate, or as intestate property.
The special guardian for an incompetent child of a daughter, and the infant child of a son contends that a gift by implication to testatrix’ grandchildren may be spelled out. The will provides that if any son predeceases the testatrix without issue his share is to pass to her grandchildren surviving her. The special guardian would have the court read the gift as effective if a son predeceases the life tenant without issue. The court would then have to decide whether the implied gift was' to the grandchildren surviving the testatrix, as the will provides, or to those who survived the life tenant. For if the name of the life tenant, Emma, may in effect be substituted for the word ‘ ‘ me ’ ’ immediately following the word ‘ ‘ predecease ’ ’ in the last sentence of subdivision (C) of paragraph “ Third ” of the will, why should it not also be substituted for the word “ me ” in the other two places where it appears in that sentence? The existence of this possible choice alone indicates the impossibility of implying any gift to the grandchildren whatever. “ [T]o uphold a legacy by implication, the inference from the will of the [testator’s] intention must be such as to leave no hesitation in the mind of the court and to permit of no other reasonable inference.” (Bradhurst v. Field, 135 N. Y. 564, 568.) The court has had considerable hesitation in determining what this testatrix intended under the existing circumstances. The existence of so many possible alternative solutions of the case makes it impossible for the court to conclude with any confidence that the only reasonable inference is that the testatrix intended her grandchildren to succeed to Henry’s interest. In short, this is not a case where a gift by implication may be spelled out.
The gift of the remainder in the event Emma died without issue was to the four sons by name. There are no words from which it might be inferred that survivorship inter se was intended, or that their interest was joint. It was not a gift to a class, but to four individuals as tenants in common. *426 (Moffett v. Elmendorf, 152 N. Y. 475; Herzog v. Title Guar. & Trust Co., 177 N. Y. 86.) Consequently testatrix’ sons Richard, Walter and George did not succeed to Henry’s share by survivorship.
Henry’s executors contend that his interest in the remainder vested upon the death of the testatrix subject to be divested only if Emma left issue, or if he predeceased her leaving issue. As neither divesting contingency occurred, they claim that his interest belongs to his estate. Stated differently the issue is whether Henry’s gift was conditioned upon his survival of Emma. His executors rely on such cases as Matter of Watson (262 N. Y. 284); Matter of Suydam (193 Misc. 151); Matter of Schaefer (160 Misc. 43); and Matter of Clark (120 Misc. 191). It is true that in each of those cases there was a remainder gift to the issue of a life beneficiary of a trust, followed by a disposition in default of issue to specified persons, with a final limitation over to the issue of the latter if any of them died during the life estate. It is also true that those cases held the remainders to the specified persons vested subject to be divested only if they died during the life estate leaving issue. But the cardinal point of difference between those cases and this one is the presence of the disjunctive “ or ”. The gift here is to the four sons “ or to their issue.” The use of the disjunctive, without more, as this testatrix has done, creates an impossible situation if read literally. It is like saying “ I give my property to A or to B.” Which direction is to be carried out? The gift ought to fail for irreconcilable repugnancy unless the court can find an intent that A and B are to take as tenants in common or jointly, or in succession, or in the alternative. Of course, where the gift is to A or his children, issue, descendants, heirs, or the like, it is recognized that the testator intends that A should take exclusively if living, and that the gift to the designated class is effective only as an alternative if A is dead. But literally this is not what the testator has said.
There is a fundamental difference between alternative and supplanting' limitations. When a disposition is made in the alternative to take effect following some prior interest, the choice between the alternatives does not have to be made until the expiration of the prior interest. This postponement of choice causes a requirement that all takers survive until the choice is to be made. (See 2 Powell on the Law of Real Property, § 329.) “When, however, the conveyance contains successive phrases embodying, respectively, an intended original gift and an intended secondary gift, separated by such words *427 as ‘ but if,’ 1 and if’ or 1 in case,’ any imposed requirement of survival operates to defeat the first gift and is, therefore, a defeasibility on nonsurvival rather than a condition precedent of survival.” (2 Powell on the Law of Beal Property, § 330, p. 729.) When the supplanting limitation provides a taker who is to become the substitute only under some circumstances, “ the constructional preference for early indefeasibility causes the requirement of survival to be strictly construed, and to operate only under the exact circumstances stipulated.” (2 Powell on the Law of Beal Property, § 330, pp. 729-730.) In Matter of Krooss (302 N. Y. 424, 432) the Court of Appeals stressed the distinction between the two types of limitations. It was there dealing with a supplanting limitation to the descendants of a daughter who died during a life estate leaving no descendants. Since the will provided for a gift over only if she died “leaving descendants ”, the divesting contingency had not occurred and the gift of half the remainder to the' daughter remained vested and passed to her estate. The court carefully distinguished Matter of Burdsall (128 Misc. 582, affd. 221 App. Div. 756) on the ground that in the Burdsall case the gift was “ to the remaindermen or their descendants and was not conditioned upon 1 leaving descendants.’ Such an alternative gift as that in Burdsall imports a requirement of survival as to both alternative takers (3 Restatement, Property, § 252, p. 1270).” The hallmark of the alternative type of limitation is the word “ or ”. (Matter of Evans, 234 N. Y. 42; Cleere v. Riley, 240 N. Y. 556; Waxson Realty Corp. v. Rothschild, 255 N. Y. 332; Bayley v. Beekman, 62 Misc. 567, affd. 133 App. Div. 888, affd. 197 N. Y. 593; Schwencke v. Haffner, 18 App. Div. 182; Schwencke v. Saffner, 22 Misc. 293; Matter of Yulee, 199 Misc. 440; Matter of Taylor, 112 N. Y. S. 2d 408, 412-413; see Scott v. Powell, 182 F. 2d 75; Robertson v. Robertson, 313 Mass. 520, 529; Albergotti v. Summers, 205 S. C. 179.) While its use is not conclusive, particularly if it may be read as “ and ” (Steinway v. Steinway, 163 N. Y. 183, 195-196; Matter of Beinhauer, 195 Misc. 705; Brown v. Blackwell, 178 Ky. 797) where there are no tokens of a contrary intent it is persuasive. The Watson, Suydam, Schaefer and Glarh cases (supra) relied on by Henry’s executors are instances of supplanting limitations. The present case is an instance of an alternative limitation.
Did the testatrix consistently have futurity in mind with respect to the remainders or was she consistently making gifts of present interests? At Emma’s death the corpus of her trust was to “be divided into as many parts as my said *428 daughter shall leave issue me surviving.” Upon the death of any of said issue under 35 she directed “ the principal of the share of said deceased issue to be equally divided between the surviving issue of my said daughter.” And, “ Should my said daughter die without leaving issue her survivingthe remainder is to go to the four sons “ or to their issue.” Finally, there is the gift to “ my grandchildren who shall survive me ” of the share of any son who predeceases the testatrix “ leaving no issue me surviving.” (Italics supplied throughout.) In the particular limitation to the four sons or their issue, with which the court is now concerned, she conditioned the gift upon Emma leaving no issue “ her surviving” i.e., surviving Emma. Thus, while the testatrix vacillated between present and future gifts, she was speaking with futurity when she adopted the particular sentence under construction. The language of the will thus supports the conclusion that survival of the life tenant was a condition precedent which the sons or their issue had to satisfy in order to take. “It is the opinion of the court that their title to the trust estate did not become indefeasible and perfect while the life beneficiary was living. Call it vested, or contingent, as you may, it was subject to be divested by their death before the passing of ” Emma. (Matter of Burdsall, 128 Misc. 582, 584, supra.) Henry’s estate is therefore not entitled to the share he would have taken if he had survived Emma.
Should the alternative gift “ to their issue ” be read as “to their issue respectively” or “to their issue collectively”? Under the former interpretation there will be no disposition because Henry left no issue. Under the latter, the three presently surviving children of the sons will take to the exclusion of the child of one of the daughters. If Henry had left issue, there would be a strong argument that such issue should succeed to his share to the exclusion of the issue of the other sons. Such a disposition would preserve equality among the male stocks of the testatrix’ family. A construction that the testatrix intended her sons’ issue to take collectively the share of a deceased son would give part of the remainder to persons whose parents are living and eligible to take shares of the remainder in their own right. The court does not believe that the testatrix intended any such distortion. The will consistently treats each group of takers equally, and does not substitute one group unless the prior taker is deceased. This pattern is at least indicative of a stirpital plan of distribution. Under the circumstances, the court holds that “ their issue ” as used in this will is to be read as “their issue respectively.” (See *429 Horne v. Horne, 181 Va. 685; Cook v. Cook, 292 Ky. 53; Irvin v. Stover, 67 W. Va. 356; Hemenway v. Draper, 91 Minn. 235; Andrews v. Andrews, 54 Tenn. 234; see, also, Collins v. Wardell, 65 N. J. Eq. 366; Matter of Parker, 19 Hawaii 393.) Henry’s issue was to be substituted for Mm. Since he left no issue, the court is forced to conclude that the testatrix has failed to provide for the combination of events which has actually occurred. One fourth of the remainder of Emma’s trust of one third of the residuary estate must pass as intestate property to testatrix’ seven children, all of whom are alive except Henry, whose estate is thus entitled to one eighty-fourth of the entire residue. (People’s Trust Co. v. Flynn, 188 N. Y. 385.)
Petitioners request the court to construe the will to determine the dispositions to be made of the remainders of the similar trusts for testatrix’ daughters Elfreda and Virginia upon their deaths. Elfreda is now 64 and has one child who was in being when the testatrix died. Virginia is 66 and has never had issue. While the question may be academic, at least with respect to Elfreda’s trust, all the necessary parties are before the court and it will save time and expense to the estate if the identical language of these two trusts are construed in this proceeding. Furthermore, the parties are entitled to know the identity of the remaindermen and the nature of their interests. Henry’s executors must know the nature of Ms interests for the purpose of estate tax proceedings. The court therefore grants the request and construes the remainders of the trusts for Elfreda and Virginia in the same manner as the remainder of Emma’s trust. (Matter of Deaken, 99 N. Y. S. 2d 365.) Upon the death of Elfreda or Virginia without issue the remainders of their respective trusts will pass one fourth to each of the sons of the testatrix who survive the particular life beneficiary, the issue of any son who may then be dead to take their parent’s share per stirpes, and the share of any son who predeceases the life beneficiary without issue will pass in intestacy.
Submit decree construing the will and settling the account.